*W. Quarles* and *D. Kilgore*, for the state.
*J. S. Newman*, for the defendants.

Margin notes:
Nov. Term, 1838.

Jenkins *v.* Prewitt.

*Monday, November* 19.

---

Jenkins *v.* Prewitt and Others.

Bill in chancery on a title-bond against *A.* the obligor, and his subsequent grantee *B.*, for a conveyance in fee of certain real estate; and a decree for the complainant according to the prayer of his bill. *B.* filed a bill of review on newly discovered evidence, showing that the original complainant had no right to such a title as the decree gave him. *Held*, that the newly discovered evidence was relevant to the issue in the first cause.

A bill of review for an error apparent on the face of the record, must be filed

Nov. Term,
1838.

Jenkins
v.
Prewitt.

within five years from the date of the decree,—that being the time limited for writs of error: but if the bill be founded on newly discovered evidence, it may be filed within five years from the time the evidence was discovered. Unless a bill of review on newly discovered evidence, shows that it was exhibited within five years from the discovery of the evidence, or that the case is within some saving of the statute limiting the time for writs of error,—it is liable to a demurrer.

A plea to a bill of review on newly discovered matter, that such matter was known to the complainant in time to have been used in the original cause, is admissible; and, *semble*, that the defendant may plead to such bill, that the newly discovered matter might, by the use of reasonable diligence, have been known to the complainant in time to have been used in the first cause.

It is no objection to the plea in either of those cases, that the facts pleaded had been previously examined on the motion for leave to file the bill of review.

*Monday,
November* 19.

Blackford, J.—This cause comes before us on a demurrer to a bill of review. The bill was filed in the *Clark* Circuit Court by *Leonard H. Jenkins* against *Byrd Prewitt* and others, and has been certified to this Court in consequence of the interest of the circuit judge.

The original suit was brought by *Byrd Prewitt* against *Ezekiel Jenkins* and *Leonard H. Jenkins.* The object of it was to obtain a title in fee-simple for a certain tract of land, which *Ezekiel Jenkins* had obligated himself to convey to *Byrd Prewitt,* but which the said *Ezekiel,* together with his wife, had subsequently conveyed to *Leonard H. Jenkins.* The Court decreed, that the defendants in that suit should convey the premises to *Prewitt* by a deed in fee-simple with a covenant of warranty.

The bill of review is founded on the alleged discovery of the following facts, viz. That the fee-simple to the premises never was in *Ezekiel Jenkins;* that the land had descended to his wife, whose husband could have nothing more in it than an estate for life, as tenant by the curtesy initiate; and that, consequently, *Leonard H. Jenkins,* by virtue of his deed from *Ezekiel Jenkins* and his wife, was entitled to the fee-simple of the premises, subject only to the equitable claim of *Prewitt,* which could not, under any circumstances, entitle him to more than an estate for the life of *Ezekiel Jenkins.*

It is objected, in the first place, to this bill of review, that the newly discovered matter is not material to the issue in the original suit; but this objection is not tenable. The nature of the interest to which *Prewitt* was entitled, by virtue

of the title-bond, was a proper subject of inquiry in the original suit; and the newly discovered matter was calculated to show that he had no right to a conveyance of the land in fee-simple, which was the kind of conveyance he claimed in his bill, and for which he obtained a decree. The newly discovered matter was therefore relevant to the issue; and if it had been proved, it is not to be supposed that *Prewitt* would have obtained so favourable a decree as the one in question (1).

The next cause of demurrer is, that the bill shows that more than five years had elapsed from the time of the decree before the bill was filed; and that the suit is therefore barred by the statute of limitations. If the bill were founded on error apparent on the face of the record, this ground of demurrer would be good; for it is settled that the statute, which limits the time of suing out writs of error, must be extended to bills of review. *Thomas* v. *Harvie's Heirs,* 10 Wheat. 146. But the present is a different case. The ground of this bill is newly discovered evidence; and we consider that the time when the statute began to run, was not the date of the decree, but the time when the facts were discovered. We have not met with any adjudication on this subject. The question was raised in the case of *Thomas* v. *Harvie's Heirs,* to which we have already referred, but it was not decided. It is also mentioned in a late work on Equity Pleadings, but the writer expresses no opinion respecting it. Story's Equity Plead. 333. The present case requires a decision on the point; and we hope we have arrived at the correct conclusion. It appears to us, that the complainant is chargeable with delay only from the time when his ability to file the bill commenced; and that time was, when the new matter was discovered.

The next cause of demurrer assigned is, that the bill omits to state the time when the new matter was discovered. It is decided that it is not necessary to plead the statute of limitations to a bill of review, because the bill itself must show that it is exhibited within the prescribed time, or that the case comes within some saving of the statute. *Shepherd* v. *Larue,* 6 Munf. 529 (2). There is nothing in the bill under consideration to show, but that the discovery of the new matter was made more than five years before the bill was

VOL. V.—2

Nov. Term,  filed, and that the suit is barred by the statute of limitations.
1838.    For this defect in the bill, the demurrer must be sustained.

JENKINS       If the defendants to the bill of review can prove, that the
v.      matter alleged to be newly discovered was known to the
PREWITT.   complainant at the time when it might have been used in the
original cause, the fact of such previous knowledge may be
pleaded to the bill of review. Cooper's Equity, 304.—Equity
Draftsman, 445. We are further inclined to think, that if
the matter in question might have been known to the com-
plainant, in time to have been used by him in the first cause,
by the use of reasonable diligence, a plea showing the want
of such diligence may be filed by the defendants.

We are aware that the questions as to the time when the
discovery of the new matter was made, and whether its not
being previously known was owing to the want of reasonable
diligence, are always examined into before leave is given to
file the bill; but we are of opinion that the permission to file
the bill, ought not to exclude all further examination of these
questions (3).

DEWEY, J., having been concerned as counsel, was absent.

*Per Curiam.*—The demurrer is sustained, with leave to
amend the bill.

*C. P. Hester* and *A. Kinney*, for the complainant.
*H. P. Thornton*, for the defendants.

(1) As to the nature of the newly discovered matter which will authorise
the filing of a bill of review, *vide* Mitf. Pl. 85.—Story's Eq. Pl. 327 to 332.

(2) "It was formerly doubted whether a defendant in equity could, by de-
murrer, make the objection that the remedy was barred by lapse of time, or
whether he must not resort to his plea. But it now seems to be settled, that
if it appears upon the face of the bill that the suit is barred by lapse of time
the defendant may demur; and that if the case is within any of the excep-
tions of the statute, the complainant must state the fact in his bill. *Dunlap*
v. *Gibbs*, 4 Yerg. R. 94.—*Hoare* v. *Peck*, 6 Sim. R. 51.—*Cuthbert* v. *Creasy*, 4
Bligh's R. O. S. 125.—*Wisner* v. *Ogden*, 4 Wash. C. C. R. 631.—*Fyson* v. *Pole*,
3 Young & Coll. R. 266."—*Humbert* v. *The Rector*, &c., 7 Paige, 195.—Ac-
cord. Story's Eq. Pl. 378, 389, 580.

(3) *Vide* Mitf. Pl. 89.—*Dexter* v. *Arnold*, 5 Mason's R. 308.—Story's Eq.
Pl. 333, 334, and note.