Blackeoejd, J.
The complainant, as administrator of Fleming, filed a bill in chancery against the defendant in October, 1832.
The bill charges that Fleming, the complainant’s intestate, and the defendant, entered into partnership in 1816, and continued in partnership for'about two years; that when they discontinued business, the defendant agreed to collect the debts due the firm, and the parties agreed that the amount when collected should be equally divided between them; that the *249 defendant had collected several judgments and a note or account due the firm, all which are described, but had refused to pay any part of the same to the complainant, &c.
This bill was demurred to, and the demurrer sustained, on the ground that the time when the judgments and the note or account mentioned in the bill were collected, was not stated.
The bill has been since amended by stating that Fleming .died in 1819; and that the said note or account was collected by the defendant in Fleming’s lifetime; and by stating also, that the complainant is not informed at what time the said ■ judgments were collected. There is a demurrer to the amended bill.
It is necessary that the bill should state the time when the collections were made, although the complainant would not be bound to prove the money to have been collected on the particular day alleged. The reason why a time should be stated when the collections were made is, that it may appear on the face of the bill whether or not the suit is barred by the statute of limitations. Jenkins v. Prewitt, 5 Blackf., 7. The amended 'bill shows that the claim arising from the collection of the note or account, is barred by the statute; and it omits, as the original bill did, to state when the judgments were collected. The demurrer to the amended bill is therefore sustained.
Dewey, J., having been 'concerned as counsel, was absent.