JENKINS *v.* PREWITT.

A bill of review, on account of newly discovered evidence, cannot be sustained, if, by the use of reasonably active diligence, the evidence might have been known to the complainant before the trial of the first cause.

SULLIVAN, J.—This is the same cause that was before this *Wednesday,* Court at the *November* term, 1838, at which time a demurrer *January 1,* was sustained to the bill, and the complainant had leave to *1845.* amend. An amendment was immediately filed, in which the complainant alleges that the matter, on which he founds his application for a review of the original decree, came to his knowledge in the summer of 1828. The remaining allegations are as stated in the published opinion of this Court in 5 Blackf. 7.

The defendant, *Robert H. Prewitt,* (*Byrd Prewitt* having deceased since the original decree was entered,) answers the amended bill, and denies that the complainant did not obtain a knowledge of the facts stated in the amendment until the summer of 1828. He also filed two pleas; the first of which sets up the same defence as that contained in the answer; the second is, that, by the exercise of ordinary diligence, the plaintiff might have known the facts now relied on, at the trial of the original cause. The complainant replied reaffirming the statements in his bill. A number of depositions were taken, by a large majority of which it is proved, that, at and before the time of the trial on the original bill, the fact was notorious that the title to the land in controversy was not in *Ezekiel Jenkins,* but in his wife.

Whether the complainant should produce other testimony than his own affidavit, in support of the allegation that the fact, on which he relies for a rehearing, came first to his knowledge within five years before filing the bill, need not now be decided. It is very clear from the evidence, that the fact was notorious in the neighbourhood at the time of the original trial, and that the complainant, by the exercise of reasonable diligence, might have known it. The testimony is too strong to admit of doubt on that point.

To sustain a bill of review on account of newly discovered evidence, it is necessary that the matter be not only new,

Nov. Term, 1844.

THE STATE v. NEWBY.

but it must be such as the party, by the use of a reasonably active diligence, could not have known. If there be negligence in this respect, it destroys the title to the relief prayed. *Young* v. *Keighly*, 16 Ves. 348.—*Blake* v. *Foster*, 2 Ball & Beatt. 457.

DEWEY, J., having been concerned as counsel, was absent.

*Per Curiam.*—The bill is dismissed with costs.