Armstrong *v.* Tuffts.

---

SAME TERM.     *Before the same Justices.*

ARMSTRONG and others *vs.* TUFFTS and others.

Where a suit is brought upon a consideration for which promissory notes have subsequently been taken, it is sufficient for the plaintiff to surrender, or offer to surrender, the notes, on the trial, to be cancelled. They need not be surrendered previous to bringing an action against the makers.

In an action on the case for deceiving and defrauding the plaintiff, by obtaining property from him without paying for it, under pretence of a purchase, and upon false representations as to the solvency of the purchasers, it is proper to submit it to the jury to determine, upon the evidence, whether the representa-

Armstrong *v.* Tuffts.

tions alledged were made, and whether, if made, they were false, and if false,
whether they were made with intent to defraud and deceive the plaintiff. .
Such a charge is equivalent to a direction that it is necessary there should have
been a *scienter.*

THIS was an action on the case, tried before EDMONDS, cir-
cuit judge, at the New-York circuit in December, 1846. The
declaration contained three counts. The first count alledged
that the defendants conspired together to obtain a boat-load of
oats belonging to the plaintiffs, without paying for them, and,
under pretence of a purchase, fraudulently, and with intent to
cheat the plaintiffs, in pursuance of said conspiracy, applied to
Alvah Wheaton, the agent of the plaintiffs, to purchase said
oats in the name of David D. Van Alstyne & Co. and repre-
sented that they were good and solvent, and would pay the
money for said oats on delivery ; that said agent delivered said
oats, but that Van Alstyne & Co. were not solvent; that on the
contrary, Van Alstyne was insolvent, and had no copartner who
was solvent, which was well known to the defendants, and nei-
ther said David D. Van Alstyne, or David D. Van Alstyne &
Co. or any other person paid for said oats; whereby the plain-
tiffs lost the same. The second count was substantially the
same, except that it contained no allegation of a conspiracy.
The third count was in trover for said load of oats. The plea
was not guilty. Wheaton, the plaintiffs' agent, from whom the
oats were obtained, testified on the trial, that failing to obtain
the pay for the oats, from the defendants, he accepted two notes
drawn by Van Alstyne & Co., one of which was payable to the
witness' order, and the other to the order of Van Alstyne & Co.
and indorsed in blank by them. The defendant Tuffts, it ap-
peared, was a grain broker. The two promissory notes were
read in evidence, by the counsel for the plaintiffs; who offered
the same to be cancelled or surrendered to Van Alstyne. The
plaintiffs having rested their case, the counsel for the defend-
ants moved for a nonsuit, upon the ground that the promis-
sory notes should have been surrendered or cancelled, or
offered to be surrendered or cancelled, before the commence-
ment of the suit. And he insisted that while they remained

outstanding in the hands of Wheaton, and without any offer to return, or cancel them, to Van Alstyne & Co., the action could not be maintained by the plaintiffs. The judge denied the motion for a nonsuit, and the defendants excepted. The testimony being closed, the judge charged the jury that in order to maintain the action, the representations as charged in the declaration must have been made; that such representations must have been false; that they must have been made with intent to deceive and defraud the plaintiffs, and that the plaintiffs must have sustained damage by such false representations. That as to the charge of conspiracy, it was necessary for them to be satisfied that all the defendants, or at least two of them, acted in concert in making, or causing to be made, the false representations charged, and those only who so acted in concert could be convicted; that it was a question to be determined by them; and it was submitted to them, upon the evidence in the case, to determine, whether such representations had been made, and whether, if made, they were false; and if false, whether they were made with intent to deceive and defraud the plaintiffs. To which charge the counsel for the defendants excepted.

The jury found a verdict for the plaintiffs, for $750, and the defendants moved for a new trial.

*H. P. Hastings,* for the plaintiffs.

*A. H. Corning,* for the defendants.

*By the Court,* EDWARDS, J. It appears by the bill of exceptions, that the plaintiffs received the promissory notes of two of the defendants, after the discovery of the fraud alledged to have been committed by them. This, it is contended, was a waiver of the plaintiffs' right to recover for the fraud. The answer to this is, that no such ground was taken at the trial, and no such question is raised by the bill of exceptions. Before the plaintiffs rested their case, the notes given by the defendants were read in evidence by the plaintiffs' counsel, who offered to cancel them, or to surrender them to the parties who had signed them.

Armstrong v. Tuffts.

After this offer the defendants' counsel moved for a nonsuit, on the ground that the notes should have been surrendered, or cancelled, or offered to be surrendered or cancelled, before the suit was brought. The circuit judge denied the motion for a nonsuit, and the defendants' counsel excepted.

As the notes which had been given were those of parties defendants in the suit, the offer to surrender, or cancel them on the trial, was sufficient. This is the rule which was laid down in *Thurston* v. *Blanchard*, (22 *Pick.* 18,) and which has generally been followed in this state.

The next question which was made arises on the judge's charge. He stated to the jury that it was submitted to them, upon the evidence in the case, to determine whether the representations alledged had been made, and whether, if made, they were false, and if false, whether they were made with intent to defraud and deceive the plaintiffs. To this the counsel for the defendants excepted. The ground taken upon the argument, in support of this exception, was that the representations charged to have been made were of such a character that it was necessary not only that they should have been false, but that the defendants should have known them to be so.

Admitting, for the purposes of this case, that such is the law, the defendants' exception must fail. The judge submitted it to the jury to determine not only whether false representations had been made, but whether they had been made with an *intent to deceive and defraud* the plaintiffs. It would be impossible for a jury to find that a party had made a false representation, with an intent to deceive and defraud, without coming to the conclusion that he knew, or believed the representations to be false. Although the judge did not charge in *hæc verba* that a *scienter* was necessary, yet such is the clear intent and meaning of the language used by him, and it must have been so understood at the time.

The motion for a new trial must be denied, with costs.