Parks v. The Evansville, Indianapolis, and Cleveland Straight Line Railroad Company.

Waiver.—A condition precedent in a subscription of land to a corporation is waived, when the subscriber, before any act of the corporation indicative of an intention to comply with the condition, executes his deed absolute in form, and receives the stock of the corporation therefor.

Rescission—Tender.—Where a corporation has, by the false representations of its agent, induced a subscriber to convey his land, and receive his stock certificates, before the condition of his subscription has been performed by the company, and the land has afterward been conveyed by the corporation to purchasers, with full knowledge of the condition, and

its non-performance, no action for rescission can be maintained against the company and their assignees, until a tender of the stock certificates has been made to the corporation, conditional upon their procuring a deed of reconveyance of the land to the subscriber.

LACHES.—Where prompt action has not been taken by a party asking rescission of a contract, he must not only aver ignorance of the fraud, or of the failure to comply with the terms of the agreement, but must show, by the facts averred in his plea, that such want of knowledge was not the result of his neglect to use the means of information within his reach.

APPEAL from the *Putnam* Circuit Court.

RAY, CH. J.—*Parks* avers in his complaint that he made a subscription in 1853, payable in lands, to the capital stock of *The Evansville, Indianapolis, and Cleveland Straight Line Railroad Company*, on the condition that the railroad should be permanently located on the east side of *White* river, from *Indianapolis* to *Spencer*, within one mile of a line theretofore run by said company; that such location would have passed through and near other lands of the plaintiff, enhancing their value; that, in pursuance of said contract he, in 1854, conveyed said lands to said company, and received certificates of stock, which he now brings into court ready for cancellation; that the company have not so permanently located said road, but have incapacitated themselves from complying with said condition, by permanently locating said road on the west side of *White* river from *Martinsville* down, and subsequently—to-wit: in 1856—said company conveyed said land to defendants, *Love* and *Carpenter;* that in 1857 said *Love* and *Carpenter* conveyed said land to defendant, *Maxwell,* who now holds possession and claims title; that the price stipulated to be paid by said *Maxwell* is $5,480, of which $1,000 was paid, and the balance remains unpaid; that each of said grantees had full notice of the condition upon which the subscription was made and the land conveyed, and the failure of said company to comply therewith, and its action in the premises; that plaintiff was ignorant of the violation of the contract by the company, and the location on the west side of *White* river, until in the year

1858, when, after consulting counsel, he, in *July*, 1858, instituted this suit; that, before the commencement thereof, he demanded of said *Maxwell* the possession of said land, stating, as herein, the grounds of such claim, which was refused.

There is a second paragraph reciting the same facts, and averring that the execution of the deed by plaintiff was obtained by the false representations of the agents of the company, that the condition had been complied with, when in fact it had not then, nor has it since, been performed.

There is a prayer for a reconveyance of the land, or if this relief be refused, that the balance of the purchase money due from *Maxwell* be paid over to the plaintiff.

There was a demurrer to each paragraph of the complaint sustained, the exceptions to which rulings present the questions to be decided in this court.

The appellee insists that the conveyance of the land to the company, by a deed absolute on its face, was a waiver of the condition in the subscription, and an election to make the same absolute. This can only be urged of the averments in the first paragraph of the complaint. It has been held by this court, that a subscription in this form does not become absolute, and can not be enforced (no question of waiver by the stockholder of the condition arising) until the company have complied with the condition. *The Evansville, etc. Railroad Company* v. *Shearer*, 10 Ind. 244. The condition is therefore to be construed as a precedent one. This subscription was made *August* 11, 1853. The conveyance of the land subscribed was made, by deed absolute on its face, *March* 22, 1854. The first resolution of the board of directors of the railroad company locating the road, was passed *November* 9, 1854. It appears by these dates, that before any action was had by the company indicative of a purpose to comply with the condition required, and by such action on their part to render the subscription absolute,

the appellant came forward and made the conveyance of land, inserting no condition in his deed, and thereupon received his stock certificates, acquiring thereby all the rights of a stockholder in the company. Thereafter the company could not, by any act of hers, deprive him of these rights. And yet, if his subscription was to become absolute and obligatory upon him only when the road was thus located, he could, prior to that event, have no right to thus exercise the privileges of a stockholder. The rights of the parties to a contract must be mutual. The right of release from a contract must not depend upon the choice of one of the parties, but upon some violation of its obligations by the other. The appellant having voluntarily assumed a position inconsistent with the relation he occupied toward the company as a conditional subscriber, and without any official action on their part accepting his offer, having executed his deed, and received his stock, must be held to have waived the condition. The decision in the case of *Jewett* v. *The Lawrenceburg, etc. Railroad Company,* 10 Ind. 539, we do not regard as in conflict with this ruling. The subscription made by *Jewett* was " on condition that the road should be located within twenty rods of *St. Omer.*" The company did so locate the road, and commenced working on such location, and afteward *Jewett* paid for his stock. Subsequently the company abandoned that route, and located and constructed their road on another route. When *Jewett* made his conveyance, the railroad company had clearly indicated their intent to accept the terms of his subscription, and no waiver on his part could be implied. The subsequent change of location was a fraud upon his rights. We approve the result reached in that case, without being committed to the line of argument pursued. The decision of *The Evansville, etc. Railroad Company* v. *Dunn,* 17 Ind. 603, seems to accord with the view adopted in this case. There a conditional subscription was made to the railroad company, and eighteen months afterward

a note was executed in payment of the subscription, without reciting the condition. The court held the condition was waived by the giving of the note.

Another objection urged, and which applies to each paragraph of the complaint, is that no tender of the stock certificates is averred before the bringing of this suit. The appellant attempts to avoid the force of this objection by insisting that, as the land had passed into other hands, he could not demand his deed from the company, and so need not tender the stock to them. The ground of his action asserted against the assignees of the company was, that they were purchasers with full knowledge of his rights, and were therefore in no different position from the railroad company. This is true, and it therefore follows that, unless he could maintain his action against the company, he can not against their assignees. It devolved no special hardship upon him to require an offer on his part to deliver the stock certificates upon their procuring a deed to be executed to him by their assignees. The conveyance to purchasers, with knowledge of his rights, relieves him from no duty resting upon him before such conveyance.

The rule of law is not denied by appellant, that where the consideration received is of any value to either party, its return must be tendered before the plaintiff can sustain his action for rescission; but it is insisted, on the authority of *Thurston et al.* v. *Blanchard*, 22 Pick. Rep. 18, and *Armstrong et al.* v. *Tuffs et al.*, 6 Barb. Rep. 432, that no tender was required in this case. The authorities cited hold that where suit was brought upon a consideration, for which the defendant's promissory notes have been subsequently taken, it was sufficient for the plaintiff to offer to surrender the notes on the trial, to be canceled. The rule assumes that the note is no longer of value to the plaintiff upon his election to rescind, but thereby becomes void in his hands, and can have occasioned no injury to the defendant while so held as a void instrument. This is not true of the stock certificates. They entitle the plaintiff to the rights

of a stockholder, and he remains a stockholder until he tenders, and continues to tender, their return to the company. He can not by virtue of the certificates remain a stockholder, and yet have his right to a rescission of the contract.

But the complaint is fatally defective in not showing that prompt action by the appellant which the law requires, where a party asks its aid to rescind his contract. The conveyance to its assignees, by the company, was made the 23d day of *July*, 1856, and the complaint avers, that before that time the railroad company had permanently located its road on the west side of the river, and were thereby disabled from complying with the condition of the subscription. The complaint does not aver when such location was made. It should give the date, as the plaintiff must show affirmatively that he has acted promptly. The presumptions are to be indulged most strongly against the pleader; but, giving the appellant the advantage of his uncertain pleading, he admits that two years passed after such location before he asked the aid of the court. He pleads ignorance, but does not aver any facts to prove that his want of knowledge is other than the result of willful neglect of the means of acquiring knowledge. The ignorance that the law will overlook, when much time has passed, is only of such facts "as the party by the use of a reasonably active diligence could not have known." *Jenkins* v. *Prewitt*, 7 Blackf. 329. The appellant was a stockholder in the company, and as such had access to the records of the corporation. He conveyed his land before any official action had been taken to comply with his conditional subscription, and although he excuses his act by an averment in the second paragraph of his complaint that the misrepresentations of appellee's agent induced the conveyance, he fails to show that for two years his want of knowledge was chargeable to aught but his neglect of the means within his reach for information.

Judgment affirmed.

*Hester & Phelps, Secrist & Truman*, and *Wm. Franklin*, for appellant.

*J. E. McDonald* and *A. L. Roache*, for appellee.