LETITIA J. HARRIS, Administratrix, *v*. WILLIAM B. EDMONDSON and others.

## April Term, 1876.

BILL OF REVIEW FOR NEW MATTER—DISCRETION.—The granting of leave to file a bill of review for new matter rests in discretion, and ought not to be granted to the injury of innocent parties; and, therefore, where a wife had joined her husband in mortgaging her separate property for his debts, in which mortgage was included certain choses in action of the husband and in a suit to adjust the equities between the wife and the mortgagee the latter had been charged with these notes, shown to have been collected by him, the court refused to grant leave to the mortgagee to file a bill of review, upon subsequently found receipts of the husband showing that the proceeds of these notes had been paid by the mortgagee to him.

SAME—DUE DILIGENCE.—To sustain an application for leave to file a bill of review for new matter, it must appear that it could not have been produced on the former hearing, by the exercise of reasonable diligence; but it seems that this rule would be complied with by showing that a personal representative, having no knowledge of the facts, had twice examined the books and papers of the deceased, without success, to find evidence on the

subject, and afterwards, and after the rendition of the decree, had accidentally fallen upon the evidences in searching among the same papers for another purpose.

*Ed. Baxter*, for complainant.
*A. G. Merritt*, for defendants.

THE CHANCELLOR : — Bill of review upon new matter. Matilda G. Edmondson had, previous to the war, joined her husband, John K. Edmondson, in two mortgages of her separate lands, the first to indemnify certain persons as sureties upon the husband's bond as sheriff, and the second to secure a debt to B. D. Harris, complainant's intestate, for money borrowed by the husband. In the latter deed was also included some property of the husband, and, among other things, two notes on third persons, each for $350. Upon final hearing at the last term, I held, upon a bill filed by Matilda G. Edmondson, that she was entitled to the surplus proceeds of her lands after satisfying the secured debts, and, the proof showing the payment of the two notes to B. D. Harris, to a credit upon Harris's debt for the amount of those notes. This bill is filed to review that decree, upon the discovery, since its rendition, of two receipts of John K. Edmondson, the husband, showing that the greater part of the proceeds of these notes was actually paid by B. D. Harris to the said John K. Edmondson. The receipts would be controlling evidence of the fact of such payment, and would be sufficient to sustain a bill of review, provided the equities of the parties turned upon such payment. The complainant's right to the bill of review depends upon two points :

1. Is a sufficient excuse shown why the receipts were not discovered and produced in evidence on the first trial?

2. Is the fact that the payments were made as disclosed by the receipts conclusive upon the rights of the parties?

The new matter upon which a bill of review is based should be so stated in the bill, or preliminary application,

as to enable the court to determine, as upon a demurrer, whether the newly-discovered evidence, when produced, will be controlling; and so that the court may also determine whether, from the nature of the new matter, the party has been guilty of any negligence in discovering and producing the evidence on the first trial. For, where the new matter is, from its nature, such as that complainant, by the exercise of reasonable diligence, might have had it upon the former trial, a bill of review will not lie. *Young* v. *Henderson*, 4 Hayw. 189; *Burson* v. *Dosser*, 1 Heisk. 754.

The statement of the bill of review is, that complainant, as alleged in her answer in the original cause, " made a diligent and thorough search among all the books and papers of her intestate," to see if any thing could be found showing that her intestate had received any payment on the notes in question, and was unable to find any thing that could throw the least light on the subject. And that, after she had filed her answer, she again examined said books and papers, and met with no better success. But, after the decree of November 22, 1875, and after the adjournment of the term at which it was rendered, she was looking through the said papers to find a mortgage that she had paid off, and some tax-receipts on the house and lot in controversy, when she accidentally discovered the two receipts now produced and relied on.

According to this statement, the receipts were all the time in the possession of the complainant, and, after escaping two diligent searches, accidentally turned up. Such things will happen, as we all know from practical experience, and confound us by the unexpected results. It is difficult to avoid the conclusion that, with reasonable diligence, the receipts might have been discovered and produced on the former trial; and it is equally difficult to pronounce a party guilty of negligence who had twice, previous to the trial, examined the books and papers, expressly to find such documents if they existed. It is precisely one of those cases

which so nearly straddle a rule that one cannot feel safe in his conclusions, no matter on which side he may fall. Strictly speaking, there has been negligence, and there is no such statement of the voluminous or confused character of the books and papers as would tend to excuse the negligence. Nevertheless, all of us, in view of the common frailties of humanity, would be inclined to say there ought to be relief, under the circumstances. And see *Standish* v. *Radley*, 2 Atk. 179 ; Gilb. For. Rom. 187 ; *Ex parte* Vandermissen, 5 Rich. Eq. 519.

But the record discloses, upon the second question suggested above, a strong equity on the other side. The original bill was filed by a wife whose separate property had been conveyed in trust to secure her husband's debts, for a settlement of the trust. By the same deed of trust, the two notes in controversy were conveyed by the husband to secure the same debt. The husband was the principal debtor, the wife only a surety ; and upon payment of the debt by the latter, out of her separate estate, she was entitled to be subrogated to the creditor's rights as to the securities of the husband. If the creditor put it out of his power, either by laches or the surrender of such securities or their proceeds, to give the wife, as surety, the benefit of the husband's collaterals, it would be a release of the surety *pro tanto*. The amount called for by the two notes was paid to the complainant's intestate, and it was his duty to have applied the same to the satisfaction of the husband's debt. His payment to the husband was a wrong to the wife. She is an innocent party, and ought not to suffer for the fault of the creditor.

The granting of leave to file a bill of review rests, as may be gathered from the ordinance of Lord Bacon, in the sound discretion of the court. It may be refused, although the facts, if admitted, would change the decree, where the court, looking to all the circumstances, shall deem it productive of mischief to innocent parties, or for any other

cause unadvisable. *Winchester* v. *Winchester,* 1 Head, 460 ; *Dexter* v. *Arnold,* 5 Mason, 315 ; Story's Eq. Pl., sec. 417. " The court will not," says Lord Hardwicke, " merely because it is new matter, direct a new bill to be brought, where it would be entirely vain and fruitless." *Bennet* v. *Lee,* 2 Atk. 530. " We are all of opinion," says the Supreme Court of the United States, " that it is in the discretion of the court to grant leave to file a bill of review upon matter discovered since the decree, and that such leave ought not to be granted in a case where it appears that the plaintiff is not aggrieved by the decree on account of the error assigned." *Thomas* v. *Harvie,* 10 Wheat. 151.

If these receipts had been before the court at the former hearing, they would not have changed the general result. I was then of opinion, and am yet, that the wife was and is entitled to a credit upon the trust-debt, for the amount of the notes in controversy. The payment of any part of the proceeds to her husband, without her assent, would not affect this right, and a bill of review " would be entirely vain and fruitless."

The bill of review cannot be rested upon the new matter of the mortgage to the Building Association, or of the unpaid taxes existing at the date of the trust-sale, in 1865 ; for no reason is assigned why they were not brought forward on the former trial.

The application must be refused, with costs.