CARROLL.

Hobbs *v.* Hobbs.

In assumpsit for money had and received by the defendant as the price of the plaintiff's land, which the defendant, by warranty deed, sold without authority, the objection that the plaintiff may not be estopped to recover the land from the purchaser, to whom the defendant will remain liable, may be obviated by the plaintiff's giving the defendant a deed of the land before taking judgment.

Assumpsit, for money had and received by the defendant as the price of the plaintiff's land, which the defendant, by warranty deed, sold without authority. The plaintiff demanded the money of the defendant before suit. The facts were found by the circuit court.

*Copeland,* for the plaintiff.

*T. J. Smith,* for the defendant.

Doe, C. J. If the defendant, without authority, had sold the plaintiff's personal property and received the price, the plaintiff could ordinarily waive the tort, ratify the unauthorized sale, and recover the money of the defendant in this form of action; and, so far as his rights depend upon the general principles of agency, waiver, and ratification, he may confirm the unauthorized sale of his real estate. The defendant objects that nothing passed by his deed, and that the plaintiff may recover the land of the purchaser, who will have a remedy against the defendant on his warranty. If this objection is supported by any distinction between real and personal estate, it might have been obviated by a conveyance of the land from the plaintiff to the defendant before suit. And it may be obviated in the same way at any time before judgment. *Thurston* v. *Blanchard,* 22 Pick. 18; *Manning* v. *Albee,* 11 Allen 520, 523; *Nichols* v. *Pinner,* 18 N. Y. 311; Kerr on Fraud 328, *note* (Am. ed., 1872); *Concord Bank* v. *Gregg,* 14 N. H. 331; *Abbott* v. *Tenney,* 18 N. H. 109; *Reddington* v. *Henry,* 48 N. H. 273; *C. P. Institution* v. *Stone,* 52 N. H. 365.

If, notwithstanding such a conveyance to the defendant, he would be liable to his grantee for nominal damages for breach of warranty, there seems to be no reason why he should not be left exposed to that unsubstantial danger.

If the defendant would have complied with the plaintiff's demand had it been accompanied by a tender of a deed,—if the suit would have been avoided by such a tender,—justice can be done in the mat-

ter of costs. Judgment for the costs of the suit may be rendered against the party whose fault was the cause of the suit.

Upon a deed being tendered to the defendant, or deposited with the clerk for him, there will be

*Judgment for the plaintiff.*