## WOOD *v.* GARLAND.

One who is induced by fraud to give day of payment for goods sold may rescind the contract and bring a suit for the price without first offering to surrender the notes given therefor.

An offer to surrender such notes is seasonably made on the trial of the action to recover the price of the goods.

ASSUMPSIT, on an account annexed. Writ dated March 16, 1875. Garland was defaulted, and W. & T., subsequent attaching creditors, appeared to defend. Garland purchased goods of the plaintiffs, to be paid for January 1, 1875, and on that day he settled his account by giving two notes, one on three and the other on four months. The plaintiffs were induced to take the notes and extend the time of payment, by the fraud and deceit of Garland. They did not negotiate the notes, but produced them on the trial, and, against the objection of W. & T., were allowed by the court to cancel and file them with the clerk for Garland. They had never tendered them back to Garland. Verdict for the plaintiff, and motion by the defendant for a new trial.

*Eastman, Smith,* and *J. H. Hobbs,* for the plaintiffs.

*Copeland,* for W. & T., subsequent attaching creditors.

STANLEY, J. The general rule is, that the party who would recover back, on the ground of fraud, what he has parted with, must, before he brings his suit, return, or offer to return, what he has received; but this is not the rule where the vendor has received nothing in payment but the notes of the vendee. It is sufficient, in such cases, if the notes are produced on the trial ready then to be cancelled. When the sale is procured by fraud, no title passes; hence, rescinding the sale rescinds the contract of purchase, and the notes, never having been negotiated, fall with the contract. The production and cancelling the notes on the trial were therefore in season, as, by so doing, the plaintiffs placed it out of their power to make them available against the defendant. *Bassett* v. *Brown,* 105 Mass. 551; *Thurston* v. *Blanchard,* 22 Pick. 18; *Nichols* v. *Michael,* 23 N. Y. 264; *Armstrong* v. *Tuffts,* 6 Barb. 432.

*Judgment on the verdict.*

BINGHAM, J., did not sit.