## CAIN *v.* DICKENSON.

An action on the case for deceit may be maintained for false representations by a purchaser of property as to his ability to pay for it.

The giving of a note for property so purchased, and a part payment, will not defeat an action by the vendor upon the false representations, when the receipt of the money is accompanied by the statement that it will not be received if it is to be regarded as a waiver.

In such cases the plaintiff may be required to surrender the note before taking judgment for his damages

CASE, for deceit in the purchase of hay. Facts found by a referee. The defendant told the plaintiff he would purchase the hay if the plaintiff would trust him, to which the plaintiff replied that he would take his note for the hay if he would make it appear that he owned certain real and personal estate which the defendant then described and represented that he owned, but which he did not own. The plaintiff, relying on the representations, which were false, took the defendant's note, and he removed the hay. Subsequently the plaintiff demanded payment of the note, and the defendant paid $50 on it, the plaintiff stating at the time that he

should not take it if it would prevent his arresting the defendant for obtaining the hay under false representations. The defendant claims that by accepting the $50 the plaintiff waived the tort, and that he is thereby estopped from setting it up.

*Dodge,* for the plaintiff.

*Brown,* for the defendant.

STANLEY, J. The finding of the referee establishes the fact that the plaintiff parted with his hay, and took the defendant's note for it, relying upon the representations of the defendant as to his ability and means to pay it, which were false, and known by the defendant to be false, and which were made to induce the plaintiff to part with his property.

It is a principle of natural justice, recognized in the law, that fraud or deceit, accompanied with damage, is a good cause of action. *Powers* v. *Hale,* 25 N. H. 153; *Newell* v. *Horn,* 45 N. H. 422. If the purchase of goods on credit by fraudulently representing or causing the owner to believe that the purchaser intends to pay for them, or by concealing the intent not to pay for them, is a fraud such as takes the debt thereby created out of the operation of a discharge in bankruptcy (*Stewart* v. *Emerson,* 52 N. H. 301), it would seem that the purchase of goods or property upon such representations would support an action on the case for deceit.

But the defendant says that the plaintiff by receiving part payment of the note affirmed the sale, and cannot now maintain this action. This suit is not brought for the recovery of the goods. The plaintiff asks to recover the damages to which he has been subjected by the defendant's fraud and deceit. The part payment of the note did not condone the fraud; it only mitigated the damages to the extent of the payment. But if part payment might under any circumstances have that effect, it could not here, for the plaintiff at the time stated that he did not waive his right to damages for the fraud.

It is suggested that the plaintiff ought not to have judgment, because he may have parted with the note, and thus received full value for his property. The case does not show how this fact is. If the plaintiff has, in fact, received the full value of his property in this way, he cannot maintain this action; but if, on the contrary, the note is unpaid, and the plaintiff will bring it into court and surrender it to the defendant, or file it with the clerk to be cancelled, he may have judgment for the amount found by the referee. *Hobbs* v. *Hobbs,* 58 N. H. 81; *Wood* v. *Garland,* 58 N. H. 154; *Morrill* v. *Hovey,* 59 N. H. 107; *Northumberland* v. *Cobleigh,* 59 N. H. 250, 256.

*Case discharged.*

All concurred.