[CHANCERY.]

THOMAS, *Appellant,*

v.

GABRIELLE BROCKENBROUGH, JOHN HARVIE, ED-
WIN HARVIE, JACQUELINE HARVIE, JULIA ANN
HARVIE, Heirs at law, and Devisees of JOHN
HARVIE, *Respondents.*

Although bills of review are not strictly within the statute of limita-
tions, yet Courts of equity will adopt the analogy of the statute in
prescribing the time within which they shall be brought.

Appeals in equity causes being limited by the Judiciary Acts of 1789,
c. 20. s. 22., and of 1803, c. 353. [xciii.] s. 2., to five years after the
decree, the same period of limitation is applied to bills of review.

*Quære,* Whether a bill of review, founded upon matter discovered
since the decree, is also barred by the lapse of five years?

It is in the discretion of the Court, to grant leave to file a bill of re-
view for that cause.

APPEAL from the Circuit Court of Ken-
tucky. The appellant, Thomas, filed in that
Court, at the November term, 1818, a bill to re-
view and reverse a final decree of the same
Court, pronounced at the May term, 1810, by
which the plaintiff in the bill of review, and de-
fendant in the original suit, was decreed to con-

vey to the heirs of John Harvie, the plaintiffs in
the original suit, a certain tract of land, which
formed the subject of controversy in that suit.
The bill of review, after stating the substance of
the original bill, which was filed by John Harvie,
and the bill of revivor, after his death, in the
name of the present respondents, in whose favour
the decree was passed, assigns the following er-
rors in the said decree, as causes for its reversal.

1. That the entry of James Clark, under whom
the said John Harvie claimed the land in dispute,
was void for uncertainty.

2. That before the final decree was passed,
the said Harvie died, leaving a will, by which he
devised the land in controversy to his sons, Edwin
and Jacqueline, two of the plaintiffs in the bill
of revivor, of which will the plaintiff was wholly
ignorant until long after the final decree was en-
tered.

3. That the said Edwin Harvie died previous
to the said decree, and his right in the said land
descended to his heirs at law, John and Lewis,
who were no parties to the said suit, of which facts
the plaintiff was wholly ignorant until long after
the decree complained of.

To this bill of review, the defendants plead, in
bar, the decree passed and enrolled in the origi-
nal suit, and the prosecution by the plaintiff,
Thomas, of a writ of error to the Supreme Court
to reverse the same, which was dismissed, and
then demurred to so much of the bill as sought to
review and reverse the said decree. Upon argu-
ment of the plea and demurrer, the Court below

1825.

Thomas
v.
Harvie's
heirs.

Feb. 10th.

dismissed the bill of review, and the cause was brought, by appeal, to this Court.

Mr. *Talbot,* for the appellant, argued upon the merits of the original cause, to invalidate the title of the plaintiff in that cause, founded upon the entry of Clark; and, also, upon the other errors assigned in the bill of review. He insisted, that there was no period of limitation to bills of review, by the act of Congress, and that, in this case, the bill of review being founded upon newly discovered evidence, and having been permitted by the Court below, in its discretion, to be filed, it must be determined by the error in the original decree. In England, it is usual to recite all the important facts of the cause in the decree. In this country, this is not done, and, therefore, the pleadings, exhibits, and proofs, must be resorted to, in order to discover the errors apparent upon the face of the original decree.

Mr. *Bibb,* contra, insisted, that the first error assigned upon the merits of the original cause, was no ground for a bill of review. The errors in law must be apparent on the face of the decree. If a fact be mistaken at the hearing, and in the decretal order, it must be rectified by a rehearing, which rehearing cannot be after decree enrolled.[a] The other errors assigned, did not prejudice the appellant, nor had he any interest in correcting them. But the conclusive

*a* Comb v. Proud, *Cases in Ch.* 54.    3 *Bl. Comm.* 454.

objection to the whole proceeding was, that here
is an attempt, by a bill of review, to revise the
original decree, after the appeal is barred by the
limitation of five years, prescribed in the acts of
Congress.   In England, writs of error are limit-
ed by statute to twenty years, and the Courts of
equity have limited appeals, and bills of review,
to the same period, by analogy to that statute."

1825.

Thomas
v.
Harvie's
heirs.

   Mr. Justice WASHINGTON delivered the opinion
of the Court, and after stating the case, proceed-
ed as follows :

Feb. 18th.

   The first error assigned in the bill of review,
involves the merits of the original cause, and was
intended to induce a re-examination of the title
of the plaintiffs in that cause, the validity of
which had been established by the decree.   But,
previous to an investigation of that subject, a
preliminary question has been suggested by the
counsel for the appellee, which the Court is called
upon to consider.   The record shows, that the
order of the Court, permitting the bill to be filed,
was granted eight years subsequent to the final
decree in the original cause; and the question to
be decided is, whether this remedy was not bar-
red by length of time ?
   It must be admitted, that bills of review are not
strictly within any act of limitations prescribed
by Congress ; but it is unquestionable, that

   a Stat. 10, and 11. *Wm.* III. c. 14.   *Stat. at Large,* vol. 3. p.
2043.   *Viner's Abr.* tit. *Limitati* i, 105.   Smith v. Clay, *Ambl.*
645.; but much better reported in note to Deloraine v. Browne,
3 *Bro. Ch. Cas* 639.

1825.

Thomas
v.
Harvie's
heirs.

Courts of equity, acting upon the principle, that laches and neglect ought to be discountenanced, and that in cases of stale demands its aid ought not to be afforded, have always interposed some limitation to suits brought in those Courts. It is stated by Lord *Camden,* in the case of *Smith* v. *Clay,* (*Ambl.* 645. 3 *Bro. Ch. Cas.* 639. note,) " that as the Court of equity has no legislative authority, it could not properly define the time of bar by a positive rule ; but that, as often as parliament had limited the time of actions and remedies to a certain period in legal proceedings, the Court of Chancery adopted that rule, and applied it to similar cases in equity." Upon this principle it is, that an account for rents and profits, in a common case, is not carried beyond six years, or a redemption of mortgaged premises allowed after twenty years possession by the mortgagee, or a bill of review entertained after twenty years, by analogy to the statute which limits writs of error to that period.

These principles seem to apply, with peculiar strength, to bills of review, in the Courts of the United States, from the circumstance, that Congress has thought proper to limit the time within which appeals may be taken in equity causes, thus creating an analogy between the two remedies, by appeal, and a bill of review, so apparen that the Court is constrained to consider the la ter as necessarily comprehended within the equity of the provision respecting the former. For, it is obvious, that if a bill of review to reverse a decree, on the ground of error apparent

on its face, may be filed at any period of time beyond the five years limited for an appeal, it will follow, that an original decree may, in effect, be brought before the Supreme Court for re-examination, after the period prescribed by law for an immediate appeal from such decree, by appealing from the decree of the Circuit Court, upon the bill of review. In short, the party complaining of the original decree would, in this way, be permitted to do indirectly, what the act of Congress has prohibited him from doing directly.

Whether a bill of review, founded upon matter discovered since the decree, is in like manner barred by the lapse of five years after such decree, is a question which need not be decided in the present case, since we are all of opinion, that it is in the discretion of the Court to grant leave to file a bill of review for that cause, and that such leave ought not to be granted in a case where it appears that the plaintiff is not aggrieved by the decree, on account of the error so assigned; or, that being granted, the Court ought to dismiss the bill, where no other error is assigned.

In this case, the Court below decided, in the original cause, that the title to the land in controversy was vested in the heirs of John Harvie, and decreed the appellant to convey the same to them.

If Thomas, then, had no title to the land, of what consequence was it to him, that the conveyance was decreed to be made to all the complain-

ants in that cause, *as being the heirs* of Harvie, rather than to two of them, who, he alleged, were entitled to the land as *devisees?* If they did not complain of the decree, (and that they did not, is proved by their plea and demurrer to the bill of review,) and if the plaintiff in this bill was not injured by it, the Court is at a loss to conceive, upon what legal or equitable ground, that decree could have been reversed for the errors growing out of the after discovered evidence. These observations apply equally to the second and third errors assigned.

*Decree affirmed, with costs.*