## RICKER *v.* POWELL.

Upon a bill of foreclosure against A. and the parties to whom, after mortgaging the land, he respectively conveyed separate parcels thereof, at different times, the only question raised was as to the order in which the court should direct the parcels to be sold to satisfy the debt. From the decree rendered June 5, 1875, finding the sum due, and prescribing such order, B., one of the defendants, appealed. The decree was affirmed. Thereupon C., another defendant, filed a petition below, May 21, 1879, for leave to file a bill of review for alleged errors of law, being the same as those passed upon by this court on the appeal, and for newly discovered evidence; but, although the decree was in full force, he neither offered to pay the same or any part thereof, nor alleged any reason for not doing so. *Held*, that leave to file the bill rested in the discretion of the court below, and was properly refused.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

Submitted on printed arguments by *Mr. Melville W. Fuller* and *Mr. W. C. Goudy* for the appellant, and by *Mr. Edward S. Isham*, *Mr. Julius Rosenthal*, and *Mr. A. M. Pence* for the appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an appeal from an order of the Circuit Court refusing the appellant leave to file a bill of review in that court. The facts are as follows: —

On the 8th of April, 1869, one H. H. Walker mortgaged to Powell, the appellee, the N. E. ¼ of the S. W. ¼ sec. 5, T. 38, N. R. 14 E., forty acres, to secure a note for $40,500, payable twelve months after date, with interest at the rate of ten per cent per annum. The land was afterwards subdivided into blocks, and sold and conveyed at different times to different purchasers. On the 23d of July, 1874, Powell filed a bill in equity in the Circuit Court for the Northern District of Illinois to foreclose this mortgage, making all persons parties who held title to the land under conveyances by the mortgagor. Among other parties were the appellant, Ricker, as owner of block No. 14; one Orvis, as owner of the south one hundred feet of block No. 16; and Rogers, Greenbaum, & Foreman, having a claim, by way of mortgage or deed of trust, on the north two hundred and one feet of block 16. Ricker, in his answer, claimed that his block 14 should not be sold until after block 18 and the two portions of block 16, above described, had been exhausted. The several questions presented were litigated between the defendants, there being no defence as against Powell, the mortgagee; and on the 5th of June, 1875, a decree was rendered finding due him the sum of $14,853.33, and establishing his lien on the whole forty acres, but directing that the property be sold in the following order, to wit: 1. The north two hundred and one feet of block 16, subject to the claim thereon of Rogers, Greenbaum, & Foreman. 2. The south one hundred feet of block 16.

3. Block 14.   4. The interest of Rogers, Greenbaum, & Fore-
man in the north two hundred and one feet of block 16.   The
estate of Greenbaum and others was not defined in the decree,
but in their answer it was described as a deed of trust to
Rogers, executed by one Kinney, to secure a note of $12,000
given to Samuel J. Walker, bearing date Nov. 25, 1872, pay-
able three years after date, with interest at the rate of eight
per cent per annum, and owned by Greenbaum and Foreman.

From this decree Orvis, as owner of the south one hundred
feet of block 16, appealed to this court, and the case was dock-
eted here Sept. 23, 1875.   The appeal came on for hearing at
the last term, and the errors assigned were, in substance, that
block 18 and the north two hundred and one feet of block 16,
without any reservation in favor of Greenbaum and others,
should have been sold before the south one hundred feet of
block 16.   Ricker did not appeal, but he appeared by counsel
and filed a brief on the hearing of the appeal of Orvis.   Early
in the term the decree of the Circuit Court was affirmed, so
far as the order of the sale was concerned.   *Orvis v. Powell*,
98 U. S. 176.   Later, a rehearing was granted and further
arguments filed, but on the second hearing the same decree of
affirmance was entered.   The final mandate was sent down
from here May 15, 1879, and on the 21st of the same month
Ricker petitioned the Circuit Court for leave to file a bill of
review, on the ground of errors of law apparent on the face
of the record, and which are the same as those presented in
this court on the appeal of Orvis; on the ground of fraud and
surprise in the entry of the original decree, he having been
led to suppose that the decree would be entered for the sale
of the north two hundred and one feet of block 16, without
any reservation in favor of Greenbaum and others, and not
knowing that any thing had been done to the contrary until
he got the printed record in December, 1877, or January,
1878, when it was too late for him to appeal; and also on the
ground of having discovered, since the original decree, evidence
to show that when he, Ricker, bought block 14, the mortgagor
was the owner of the note now held by Greenbaum and Fore-
man, and that he did not transfer it until September or Octo-
ber, 1873, and then only as collateral security for an antecedent

debt which he owed of $9,000 or $9,500. No offer was made
to perform the decree, so far as Powell was concerned, and the
decree itself still remains unsatisfied.

Upon this showing the Circuit Court refused leave to file
the bill of review, and this appeal from that refusal has been
taken.

Without intending to decide that an appeal will lie to this
court from an order of the Circuit Court refusing leave to file
a bill of review for newly discovered matter, we are satisfied
the refusal in this case was right. There is no dispute with
Powell either as to the amount due him or as to his right to
have the mortgaged property sold. The only controversies in
the case are between the defendants as to the order in which
their respective interests in the property shall be subjected.
In these controversies Powell has no concern. His security
is ample, and it is of no importance how he gets the money,
which is his due, provided he gets it. He has already been
kept out of it nearly five years because of the disputes between
the different parties in interest as to their rights as between
themselves. The delay thus far he has been compelled to
submit to, because the parties were entitled to what was done
as a matter of right. Now, however, they are asking a favor,
for a bill of review on the ground of newly discovered mat-
ter can only be filed on special leave, which depends on the
sound discretion of the court to which the application is made.
*Thomas* v. *Harvie's Heirs*, 10 Wheat. 146 ; *Rubber Company* v.
*Goodyear*, 9 Wall. 805 ; Story, Eq. Pl. 421 *c*; 2 Daniell, Ch.
Pr. (4th ed.) 1577. " It may be refused, although the facts,
if admitted, would change the decree, when the court, look-
ing to all the circumstances, shall deem it productive of mis-
chief to innocent parties, or for any other cause, unadvisable."
Story, Eq. Pl., sect. 417 ; *Griggs* v. *Gear*, 8 Ill. 2.

As the decree stands, a very considerable portion of the
mortgaged property must be sold before that of Ricker can
be reached. If that sells for enough to pay the debt, the
bill of review would be unnecessary. What it actually is
worth, or what it will be likely to bring at the sale, no-
where appears.

The rule is well settled, subject, however, to some excep-

tions, that " before a bill of review . . . can be filed the decree must be first obeyed and performed. . . . Thus, if money is directed to be paid, it ought to be paid before the bill of review is filed ; though it may afterwards be ordered to be refunded." 2 Dan. Ch. Pr. (4th ed.) 1582; Story, Eq. Pl., sect. 406. Chancellor Kent thus states the rule and the reason of it in *Wiser* v. *Blachly*, 2 Johns. Ch. 488: " In the first place, the party asking for a bill of review must generally show that he has performed the decree ; especially if it be . . . a decree for the payment of money, and he must likewise pay the costs, and nothing will excuse the party from this duty but evidence of his inability to perform it. *Williams* v. *Mellish*, 1 Vern. 117; *Fitton* v. *Macclesfield*, id. 264 ; Cooper, Eq. Pl. 90; Note to *Bishop of Durham* v. *Liddell*, 2 Bro. P. C. 63. This appears to be a settled rule, laid down both in the ancient and modern books; but the petitioners have paid no attention to this rule, for there is no offer to perform any part of the decree or even to bring the money into court, or any pretext of poverty, want of assets, or other inability to do it. There is wisdom in the establishment of such a provision, and it ought to be duly enforced. Its object is to prevent abuse in the administration of justice, by filing of bills of review for delay and vexation, or otherwise protracting the litigation, to the discouragement and distress of the adverse party." These words of this learned chancellor are peculiarly applicable to the facts of this case. The decree, so far as Powell is concerned, is for money, and that it be paid to him. There is no pretence of any performance of this decree, or any offer to perform. The money is all due, and ought to be paid. The effort on the part of Ricker is to increase the liability of the first piece of property to be sold, not with any view to protect the interests of Powell, but only his own. Orvis, whose property stands second in the order of sale, is in no position now to insist that the interest of Greenbaum and Foreman should be sold before his property, because that question was settled here on his appeal. The dispute now is between Greenbaum and Foreman and Ricker as to whether their property or his should be sold first. The true way is to let the sale go on according to the decree until the property of Ricker is reached. Then let him pay Powell

the balance remaining due, and, if he chooses and can get the necessary leave, file his bill of review to reverse that part of the decree which puts the sale of the interest of Greenbaum and Foreman after his, and thereby charge what he may be compelled to pay on them instead of himself. He makes no such offer in his bill, and fails entirely to give any reason why he does not. Clearly, under these circumstances, he was not entitled to the leave he asked, and his petition was properly denied.

It is contended, however, that the right to file a bill of review can only be denied when the bill is for newly discovered matter *alone*, and that as this bill is for errors of law, as well as newly discovered matter, the refusal of leave was equivalent to the denial of a strict legal right, which did not in any manner depend on the discretion of the court. The proposition may, with equal propriety, be stated the other way, to wit, that the right to file a bill of review without leave exists only when the bill is brought for error of law alone, and as this bill is for newly discovered matter as well as error of law, it can only be filed on leave, which rests in the sound discretion of the court. The application was for leave to file the bill as a whole, and not in parts; and if as a whole it required leave, the part which, if it stood alone, could be put on file without, must stand or fall with the incumbrances that have been attached to it. This bill, as a whole, could only be filed with leave, and consequently as Ricker has, by the form of proceedings adopted, voluntarily waived his strict legal right to file for errors of law without leave, he must abide the rules applicable to cases where leave is required.

As to the errors of law assigned, the bill is evidently bad, because the decree was rendered more than two years before the petition for leave to file was presented (*Thomas* v. *Harvie's Heirs, supra*); but there is nothing now to prevent Ricker from asking leave to file another bill for the newly discovered matter, if he performs the decree as to Powell. Or he may wait until the property has been sold, which by the decree must be subjected before his, and then, on paying the balance remaining due, apply for leave to bring in the newly discovered evidence against Greenbaum and Foreman, and have their rights

determined according to the facts as they shall thus be made to appear.    But however that may be, upon the application as made below the leave was properly refused, and the decree to that effect is consequently

*Affirmed.*