## UNITED STATES *v.* DAWSON.

The finding of the Circuit Court upon a question of fact cannot be reviewed on a writ of error.

ERROR to the Circuit Court of the United States for the District of Maryland.

*The Attorney-General* for the plaintiff in error.
*Mr. Joseph H. Bradley, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

This was an action on the bond of a collector of internal revenue. After the suit was brought, amicable continuances were granted, and then several statements of account were made by the auditing officer of the government. The last of these stated a balance against the collector of $2,115.25, which was paid by his executors before final trial. The only question raised in the court below and sought to be presented here is the date from which interest should be awarded on that sum.

The counsel for the government cite section 3624 of the Revised Statutes, which provides that where any person accountable for public money neglects or refuses to pay the sum or balance found due to the United States upon adjustment by the proper officer, he shall forfeit his commissions and pay interest at six per cent per annum from *the time of receiving the money.*

There is no question here of the construction of the statute, but whether the balance finally found due the government was for money received by him or for something else. The case was submitted to the court without a jury, and the finding of facts by the court is part of the record.

From this it appears that about the time the collector went out of the office he paid a large sum of money, which he supposed to be all that he owed the government. But he stood charged on the books of the department with a large sum for uncollected taxes. It was the adjustment of this account which occupied the three years in which the suit was pending.

The court finds that the final balance of $2,115.25 was made up of these uncollected taxes, for which he was still responsible, and was not for any money actually received by the collector.

Counsel for the government argue against this conclusion. But whether sound or not, it was a question of fact on which the finding of that court cannot be reversed here ; and its judgment is accordingly

*Affirmed.*