## McDONALD v. WHITNEY et al.

*(Circuit Court, D. Massachusetts. July 26, 1889.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES.

On a reference to a master to report the amount of damages for which the defendant should be charged for infringement of plaintiff's patent, it appeared that plaintiff received $200 as royalty for each machine manufactured by a licensee, and that plaintiff made a profit of like amount on machines made by himself, and that defendant was a close competitor of plaintiff in the market. *Held,* that a charge of $200 for each machine manufactured by defendant was not excessive.

2. SAME.

The facts that plaintiff's machines embraced other patents owned by him besides the one infringed by defendant, and that such other patents were also included in the license, furnish no grounds for altering the master's finding, where he also finds that the efficiency and salability of the infringing machine depended upon the plaintiff's patent.

3. EQUITY—BILL OF REVIEW—TIME OF FILING.

A bill of review for errors on the face of the decree must be filed within two years from the date of the final decree sought to be reviewed.

In Equity. On exceptions to master's report, and on bill of review and answer. For hearing on the merits, see 24 Fed. Rep. 600.

*T. W. Clarke,* for complainant.

*J. H. Millett,* for defendants.

COLT, J. The only question arising under the exceptions of the defendant Joel Whitney to the master's report upon which I have any doubt relates to the amount of damages with which this defendant has been charged. The master charges him with $200 for each infringing machine made and sold by him. This finding is based upon the fact that one Clement paid McDonald a royalty of $200 on each machine which Clement manufactured; and further, that a profit of like amount was made by McDonald himself on the machines sold by him. It also appears that the complainant and this defendant were close competitors in the market. Under these circumstances, I do not think the master's findings excessive. It is urged, however, that the McDonald machine embraced other patents of McDonald besides the one which the defendant infringed, and that such other patents were also included in the license given to Clement. The master finds, however, that the efficiency and salability of the infringing machine depended upon the McDonald patent, which is in controversy in this suit, and which this court held this defendant infringed. While upon the evidence, as reported by the master, I am not entirely clear on this question, yet, on careful consideration, I can see no sufficient reason for changing the master's finding. The exceptions to the master's report are, therefore, overruled. The complainant has filed a bill in the nature of a bill of review against the defendant Arthur E. Whitney, and a hearing was had upon this bill and the answer thereto. The position taken by this defendant is that, the error being apparent on the face of the decree, the bill should have been filed within two years from the date of the final decree sought to be reviewed. The final decree, dismissing the bill as to Arthur E. Whitney, was entered August 4, 1885, and the petition for leave to file a bill of review was dated more than two years thereafter, namely, September 24, 1887. From analogy to the time within which by law an appeal may be taken from the circuit court to the supreme court, the supreme court have established the same limitation respecting bills of review, whenever the ground of the bill is error on the face of the decree. *Thomas* v. *Harvie's Heirs,* 10 Wheat. 146; *Whiting* v. *Bank,* 13 Pet. 6; *Ricker* v. *Powell,* 100 U. S. 104; *Clark* v. *Killian,* 103 U. S. 766; *Ensminger* v. *Powers,* 108 U. S. 292, 2 Sup. Ct. Rep. 643. The decree being final as against the defendant Arthur E. Whitney, and the bill of review not having been brought within two years, this bill must be dismissed. Master's report confirmed, and bill of review dismissed.