REED et al. v. STANLY et al.

(Circuit Court, N. D. California.  September 26, 1898.)

No. 12,582.

1. BILL OF REVIEW—QUESTIONS IN ISSUE.
   The decisions of the court upon issues of fact, so far as they depend upon the proofs, are conclusive on a bill of review, and the only questions open for examination are such as arose upon the pleadings, proceedings, and decree, without reference to the evidence.

2. SAME—GROUNDS TO SUPPORT—FRAUD.

    A fraud which will sustain a bill of review must be one extrinsic or collateral to the matters tried, and not one which was in issue in the former suit.

3. SAME—TIME FOR FILING.

    By analogy to the statutes governing appeals and writs of error, the United States courts have adopted the rule that a bill of review must be brought within the time allowed for taking an appeal.

4. SAME—LIMITATION.

    Where the only ground upon which an appeal could have been taken from a decree direct to the supreme court was that the jurisdiction of the court was in issue, in which case an appeal does not lie unless the question is certified during the term at which the decree was rendered (Act March 3, 1891; 26 Stat. 826); and, inasmuch as no such certificate was obtained, no right of appeal to that court existed.

On Demurrer to Bill of Review.

Rodgers, Paterson & Slack, for complainants.

E. S. Pillsbury, George N. Williams, Robert Y. Hayne, Richard C. Harrison, for defendants president and trustees of Bowdoin College and others.

Warren Olney, for defendants Stanly, Russell, and Wheeler, trustees for Samuel Merritt Hospital.

HAWLEY, District Judge (orally). This is a bill of review, brought without leave of the court, for the purpose of obtaining a review of the final decree of this court in the case of the President and Trustees of Bowdoin College v. Merritt, rendered June 5, and entered June 18, 1896 (75 Fed. 480), upon the ground that upon the face of the record there appear certain errors, which entitle the present complainants to have that decree set aside. To this bill the defendants have interposed a demurrer, upon the grounds, among others: (1) That there are no averments in the bill which show any error in the record; (2) "that the time limited by law and by the rules of practice of courts for the exhibiting of any such bill of review had elapsed long prior to the exhibiting of said bill of complaint, and the said bill of complaint as amended discloses such neglect and laches in the institution of the present suit as precludes the complainants from having the said decree reviewed or reversed;" (3) that, in so far as complainants seek to have said decree adjudged to have been obtained by fraud, the complainants are estopped from exhibiting against these defendants any bill of complaint, "because it clearly appears from the said bill of complaint as amended that all of the fraud by which the said decree is alleged to have been obtained was by both of the complainants herein properly pleaded in the said former suit, and prior to the making of the said decree, and that the said alleged fraud was fully and particularly denied in the said former suit by these defendants, and that in the said former suit witnesses were examined and evidence was taken upon the question whether any such fraud as was in the said suit pleaded, and as is in the said bill of complaint herein as amended alleged to have been practiced by these defendants, * * * had been practiced by these defendants, or by any of them, and that on the 23d day of July, 1894, this court,

having heard the said witnesses and examined the said evidence, made and entered an order in the said suit, wherein and whereby it was duly adjudged and decreed that no such fraud had been practiced," etc. Before argument upon the demurrer, the defendants Stanly, trustee under the trust created by Catherine M. Garcelon, and Stanly, Russel, and Wheeler, trustees of the Samuel Merritt Hospital, by leave of the court, filed a joint and several plea to the amended bill of complaint, which, upon its face, avers and shows that the complainants herein have no interest whatever in the litigation involved herein. It was suggested that the hearing on this plea should be submitted with the demurrer, so that all the questions could be considered and disposed of at the same time. In the natural order of the proceedings, this course would undoubtedly be proper and advisable; but the complainants objected thereto, and claimed to be unprepared at the present time to meet the issues raised by the plea. The demurrer was then argued and submitted.

The contention of the defendants is that no error appears in the record of the former suit. If the question is so presented by the bill as to require an examination upon the merits, it would involve a review of the decisions of this court in the original cause, in which the court, after a careful consideration of the arguments of counsel, substantially identical in character with the arguments herein made by the complainants,—the same authorities being cited, having special reference to the particular nature and character of the suit, and of the question whether the respondents Stanly and Purington, as trustees, were such indispensable parties to the suit and had such interest therein as made it the duty of this court, for the purpose of determining its jurisdiction, to arrange the parties on one side or the other of the controversy, according to their respective interests, and whether under all the facts the trustees should be arranged on the side of the complainants,—held, against the contention of the complainants, that it had jurisdiction of the case. 63 Fed. 213. But we are met at the threshold of the argument upon the demurrer with the proposition that the bill of review was not filed within the time allowed by law, and that this court is not, therefore, authorized to consider any of the questions raised therein. Preliminary to a consideration of that question, it is deemed proper to briefly refer to the question of the alleged fraud. The bill alleges "that all of the said fraud was by your orators properly pleaded, and fully shown to this court in the said suit, and prior to the making of the said decree."

In Buffington v. Harvey, 95 U. S. 99, which was an appeal from a decree sustaining a demurrer to a bill of review, the effect of which was to leave the decree in the original cause in full force and effect, the court said: .

"The only questions open for examination on this appeal are such as were open on the bill of review, and these, as shown in Whiting v. Bank. 13 Pet. 6, and Putnam v. Day, 22 Wall. 60, were only such as arose upon the pleadings, proceedings, and decree, without reference to the evidence in the cause. The decision of the court upon the issues of fact, so far as they depend upon the proofs, are conclusive on a bill of review."

This general principle has been frequently announced by the supreme court in subsequent cases, and is too well settled to require

more than a mere reference to the authorities. Thompson v. Maxwell, 95 U. S. 391, 397; Beard v. Burts, Id. 434, 436; Shelton v. Van Kleeck, 106 U. S. 532, 534, 1 Sup. Ct. 491; Bridge Co. v. Hatch, 125 U. S. 1, 7, 8 Sup. Ct. 811; Jourolmon v. Ewing, 29 C. C. A. 41, 85 Fed. 103, 106; Story, Eq. Pl. § 407. In Shelton v. Van Kleeck, the court held that a demurrer to a bill of review does not admit the truth of any allegation in the bill which is inconsistent with the record. The frauds for which a bill to set aside a decree rendered by a court of competent jurisdiction will be sustained are only those which are extrinsic or collateral to the matters tried, and not a fraud which was in issue in the former suit. U. S. v. Throckmorton, 98 U. S. 61, 65; Vance v. Burbank, 101 U. S. 514, 519. The question of fraud, however, was upon the argument virtually eliminated from the case by complainants' counsel, who stated that the allegations in the bill in that respect might be treated as surplusage.

Was the present bill filed within the time allowed by law? This bill is based solely upon alleged error in law "on the face of the decree," and does not involve any examination of matters of fact. 2 Daniell, Ch. Prac. (6th Am. Ed.) § 1576. Such bills have, ever since the decision in Smith v. Clay, Amb. (decided in 1767) 645, 647, been treated and considered in the nature of a writ of error. There is no statute law or any rule of court designating the time within which bills of review may be filed. But the United States courts, following the analogy of the statutes limiting the time for taking appeals from decrees in equity and writs of error to review judgments at law, have universally held that a bill of review must be brought within the same length of time as is allowed by statute for taking an appeal. Thomas v. Harvie's Heirs, 10 Wheat. 146; Kennedy v. Bank, 8 How. 586, 609; Ricker v. Powell, 100 U. S. 104, 109: Clark v. Killian, 103 U. S. 766; Ensminger v. Powers, 108 U. S. 292, 302, 2 Sup. Ct. 643; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 208, 227, 10 Sup. Ct. 736; McDonald v. Whitney, 39 Fed. 466; Knox v. Iron Co., 42 Fed. 378, 380; Rector v. Fitzgerald, 8 C. C. A. 277, 59 Fed. 808, 812. See, also, Shepherd v. Larue, 6 Munf. 529; Gordon v. Ross, 63 Ala. 363, 366; Story, Eq. Pl. § 410.

It is unnecessary to specially note the changes that have been made in the statutes with reference to the time within which an appeal may be taken. Prior to 1872 the time was five years; after that, two years, until the act of March 3, 1891, creating the circuit courts of appeals, when the right of appeal and the time for taking an appeal to the respective courts was divided into classes. Before discussing the provisions of the act of 1891, it is deemed proper to give a brief history of the steps that have been taken in the original suit of Bowdoin College v. Merritt. That suit was commenced in February, 1892. A demurrer was thereafter interposed to the bill, upon the ground, among others, that the circuit court had no jurisdiction of the suit. In February, 1893, the demurrer was overruled. 54 Fed. 55. In November, 1893, leave was granted to file a supplemental bill, and a preliminary injunction, as prayed for, was granted. 59 Fed. 6. Subsequently, a plea in abatement was interposed by J. P. Merritt, upon the ground that Stanly and Purington (trustees), for

the purpose of bringing and maintaining the suit in the circuit court of the United States, and to evade the provisions of the constitution of the United States and the laws giving jurisdiction to the circuit courts, brought the suit in the name of the complainants, without authority; that complainants were only nominal parties to said bill; that Stanly and Purington had always been, in truth and in fact, the only real parties complainant, and that they were only nominally and colorably defendants in said suit; that the suit was not, in truth or in fact, a controversy between citizens of different states; that the court had no jurisdiction of said bill, and no jurisdiction of the suit, etc. The case was heard upon motion of the defendant J. P. Merritt to dismiss the suit as a collusive one, within the meaning of section 5 of the act of 1875. It was adjudged that the plea was not sustained by the evidence, and the motion to dismiss was denied. 63 Fed. 213. The cause was thereafter heard upon its merits; and on June 18, 1896, a decree was entered in favor of complainants. 75 Fed. 480. From that decree an appeal was taken directly to the supreme court of the United States, upon the sole ground that the circuit court had no jurisdiction of the case. This appeal was dismissed, for the reason that, under the provisions of the act of March 3, 1891, no appeal could be taken, unless the certificate as to jurisdiction was granted during the term at which the judgment or decree was entered,—the court citing Colvin v. City of Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866; The Bayonne, 159 U. S. 687, 16 Sup. Ct. 185; Chappell v. U. S., 160 U. S. 499, 507, 508, 16 Sup. Ct. 397; Merritt v. Bowdoin College, 167 U. S. 745, 17 Sup. Ct. 996. On June 17, 1897, another appeal was taken, or sought to be taken, upon the ground that the case involved the "construction or application of the constitution of the United States." The court held that this position could not be maintained, and on March 14, 1898, dismissed the appeal for want of jurisdiction. 169 U. S. 551, 18 Sup. Ct. 415. The bill of review was filed in this court April 1, 1898, and an amendment thereto was filed April 11, 1898, within two years from the time of the entry of the decree; and the complainants therefore claim that it was filed within the time for taking an appeal to the supreme court. But the act of March 3, 1891, changes the manner of taking appeals. Section 5 provides:

"That appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in the following cases: In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision," etc.

It will be noticed that this section refers exclusively to appeals that may be taken to the supreme court. By reading the entire section, it will be observed that the time allowed for taking an appeal is not the same in all classes of cases. Appeals to the supreme court may be taken at any time within two years from the entry of the decree, in all the classes enumerated, except where the question of the jurisdiction of the court below is alone to be reviewed; and in this class of cases no appeal can be taken unless the certificate therein mentioned is procured during the term at which the final decree is

rendered.   Section 6 provides for an appeal to the circuit courts of appeals in all other cases other than those provided for in section 5. Such appeals must be taken within six months after the entry of judgment or decree.   That time expired before the first appeal was taken herein to the supreme court, and there is no pretense that the parties to the former suit had, after the expiration of that time, any right of appeal to that court.

In Merritt v. Bowdoin College, 169 U. S. 551, 556, 18 Sup. Ct. 415, the court said:

"By the act of March 3, 1891 (26 Stat. 826, c. 517), appeals or writs of error may be taken from the * * * circuit courts directly to this court in certain cases, among which are cases in which 'the jurisdiction of the court is in issue,' and cases that involve 'the construction or application of the constitution of the United States.'   The former appeal was dismissed upon the ground that a direct appeal to this court would not lie on an issue as to the jurisdiction of the circuit court unless the question of jurisdiction was certified during the term at which the final decree was rendered."

It follows from the provisions of the act of March 3, 1891, as construed by the supreme court, that the preliminary steps to an appeal for the purpose of securing a review of the decree of the circuit court upon the question of its jurisdiction must be taken at the same term at which the final decree is rendered.   This is an absolute prerequisite for the exercise of jurisdiction, and, if it be wanting, the supreme court cannot take jurisdiction.   Maynard v. Hecht, 151 U. S. 224, 14 Sup. Ct. 353.   The decisions of the supreme court upon this point settle the question involved as to the time within which the bill of review in such a case can be filed.   There can be no appeal under the statute unless the aggrieved party obtains the certificate during the term at which the final decree is rendered.   The certificate was not procured within that time, and the circuit court had no power thereafter to grant the certificate.   Applying the analogy of the former cases to the facts of this case, it follows that the bill of review was not filed in time.

But it is contended by complainants' counsel that this view of the case should not and cannot be sustained, in the light of the decision of the supreme court in Ensminger v. Powers, supra.   That case does not, in my opinion, meet the question here presented, and is not in any manner opposed to the views herein expressed.   The time for taking the appeal in that case was two years.   The decree appealed from was rendered in December, 1873.   The appeal was perfected in January, 1874, and in December, 1875, the appeal was dismissed "for the failure of the appellants to file and docket the case" in the supreme court.   The bill of review in that case was not filed within two years after the decree was rendered; but the cause was out of the circuit court, and was in the supreme court until within two years before the bill of review was filed.   Upon these facts the court held that, to quote from the opinion:

"The pendency of the appeal by Bridget Powers would have been a valid objection to the filing of a bill of review by her for the errors in law now alleged; and, inasmuch as the appeal was not heard here on its merits, but the prosecution of it was abandoned, we are of opinion that the bill of review was filed in time.   While the appeal was pending here, although there was no supersedeas, the circuit court had no jurisdiction to vacate

the decree, in pursuance of the prayer of a bill of review, because such relief was beyond its control. The time during which that control was suspended to await the orderly conduct of business in this court in regard to hearing the appeal is not to be reckoned against Bridget Powers in this case, although she joined in the appeal."

In the present case the bill of review was filed within two years after the decree was entered, and no question is presented as to whether the time during which the case was on appeal could be reckoned or not. It is argued by complainants that the case is similar to that of Ensminger v. Powers because there the appeal was dismissed because not properly docketed, as required by the rules of the supreme court, and here it was dismissed because no certificate had been obtained during the term at which the final decree was entered; but in this respect there is no analogy between the two cases. In Ensminger v. Powers the right of appeal was given for two years from the time the judgment was rendered in the circuit court. The right to be heard upon appeal was lost by the failure of the appellant to comply with the rules of the court. This did not affect the question as to the length of time given to take an appeal. Here the right fixing the time to take an appeal is limited by the statute of 1891. In no case where the only question presented by the appeal involves the jurisdiction of the circuit court can an appeal be taken directly to the supreme court, unless the certificate required by the statute was obtained "during the term at which the final decree was rendered." The distinction between the two cases is radical. In the Ensminger Case the default and neglect of the appellant in docketing the case did not affect the time within which an appeal could be taken. In the present case the default and negligence of the appellants in not obtaining the certificate required by the statute did affect the time within which an appeal could be taken. I am of opinion that the analogy, which so far has been universally upheld, that a bill of review must be brought within the time limited by the statute for taking an appeal, is applicable to this case, and should be strictly enforced. When Smith v. Clay was decided, the time allowed for taking an appeal was 20 years, and that time was allowed for filing a bill of review. In the United States courts, as before stated, when the time for taking an appeal was five years, that time was allowed for bringing a bill of review. When the time for taking an appeal was reduced to two years, the same limitation of time was applied to bringing a bill of review. Does it not necessarily and logically follow, under the provisions of the act of 1891, where it is made essential to the right of appeal in a case to which the original suit from which the appeal was taken belongs, that the certificate allowing the appeal must be obtained during the term at which the decree was rendered, and that, after that term has elapsed without such a certificate having been obtained, no right of appeal exists, and that, when the time for taking an appeal expired, the right thereafter to bring a bill of review was lost.

Every principle of right, equity, and justice demands that no extension of time beyond that given by the decisions should be allowed in the present case. This court has twice allowed an appeal when the appellants were not entitled to it, under the law. The law abhors

unnecessary delays. It is always important to secure an end to litigation. It is obvious that if a bill of review to reverse a decree, on the ground of error apparent on its face, may be filed at any period of time beyond that limited for an appeal or writ of error, it would necessarily follow that an original decree might, in effect, be brought before the appellate court for re-examination, after the period prescribed by law for taking an appeal from such decree, by appealing from the decree of the circuit court upon the bill of review; and the party complaining of the original decree would in this way be allowed to do indirectly what the act of congress has prohibited him from doing directly. Thomas v. Harvie's Heirs, supra.

In Gordon v. Ross, supra, the court, in discussing the question as to the limitation of time within which suits impeaching a decree for fraud could be brought, said:

"It is just and reasonable that there should be some limitation of time within which a bill impeaching a decree for fraud, disquieting titles, reopening litigations, involving an accusation of moral turpitude, should be filed. There is the same reason for applying by analogy the statute limiting bills of review that there was, in the absence of the statute, for applying to bills of review the statute limiting writs of error. The diligent cannot be injured. Controversies will be commenced while the facts are recent, the parties probably in life, and witnesses living within the reach of the parties; and there will be less ground for apprehension that vexatious litigation is fostered. It is the diligent only the court should be active in relieving, and they have, under the statutes, ample time to vindicate their rights; and a just regard for the rights of those who are reposing on the decree requires that their diligence should be stimulated."

Decisions on this point might be multiplied. It is, however, unnecessary to dwell upon it. The complainants admit the rule, but insist that they are within the time, and entitled to have a review as a matter of right. My conclusion is that the bill of review in the present case was not filed in time. The demurrer is sustained, and the bill dismissed.