COPELAND et al. v. BRUNING.

(Circuit Court, D. Indiana.   October 19, 1900.)

No. 8,912.

1. BILL OF REVIEW—OBJECTION TO TIME OF FILING—PRACTICE.
    Where a bill of review affirmatively shows that it was not filed in time under the law and the practice of the court, the objection may be taken by demurrer; otherwise it should be made by answer.

2. SAME—EFFECT OF LEAVE TO FILE.
    The fact that a bill of review for error of law apparent on the face of the record was filed by leave of court is no defense to the objection that it was filed out of time, since such a bill may be filed without leave as a matter of right, and the leave granted gave no additional rights.

3. SAME—LIMITATION OF TIME FOR FILING—APPLICATION OF STATUTE REGULATING APPEALS.
    There being no statute fixing the time within which bills of review must be filed, federal courts of equity extend the provisions limiting the time for suing out an appeal or writ of error by analogy to bills of review for error appearing on the face of the record; and, where the time for taking an appeal from a decree is limited by the statute to six months, a bill of review on that ground will not be entertained after the expiration of that time.

In Equity.   On motion to dismiss bill of review.

Chambers, Pickens & Moores, for complainants.
Ferdinand Winter, for defendant.

BAKER, District Judge.   The respondent, Bruning, has filed a motion to dismiss the bill of review because the same was not filed within the time limited by law and the practice of the court therefor. The bill is strictly a bill of review for error of law apparent on the face of the record.   No objection has been made to the respondent's right to raise the question by motion to dismiss.   The appropriate practice is by demurrer when the objection is distinctly shown on the face of the bill, and by answer when it does not so appear.   The case

of Hyde v. Lamberson, 1 Idaho, 542, holds that advantage cannot be taken on demurrer of failure to file a bill of review in time. This is true only where the bill fails to disclose on its face that it was not filed in time, but where the failure to file in time is affirmatively shown on the face of the bill the question may be raised on demurrer. Jenkins v. Prewitt, 5 Blackf. 7; Maxwell v. Kennedy, 8 How. 210, 221, 12 L. Ed. 1051; Bank v. Carpenter, 101 U. S. 569, 25 L. Ed. 815. But, as no objection has been made to the consideration of the motion, the court, while disapproving the practice, will determine the question presented. A petition or bill for rehearing in the nature of a bill of review lies before the enrollment of the decree; a bill of review after the enrollment. According to the equity practice in this country, a final decree is deemed to be enrolled at the close of the term in which it was passed. Whiting v. Bank, 13 Pet. 6, 13, 10 L. Ed. 33. The fact that the present bill was filed with the leave of the court is immaterial, as a bill of review for error of law apparent on the face of the record may be filed as of right without leave, so that the leave granted gave no additional right. Leave is only required where the bill seeks a review for newly-discovered facts dehors the record. Ricker v. Powell, 100 U. S. 104, 109, 25 L. Ed. 527. There is no statute prescribing the time within which a bill of review for error of law apparent on the face of the record or for newly-discovered evidence must be filed. Where the bill is brought for error of law apparent on the face of the record, courts of equity have uniformly held that the statute which limits the time of suing out an appeal or writ of error must, by analogy, be extended to bills of review. One of the earliest cases is that of Smith v. Clay, Amb. 645, decided by Lord Chancellor Camden in 1767. The decree sought to be reviewed for error of law apparent on the face of the record was passed on February 5, 1731. The decree was not enrolled until March 5, 1764. The bill of review was filed in 1766. The court held that the time within which the bill could be brought began to run from the time when the decree was entered, and that the enrollment related back to the date of the decree. The court further held that, as the act of parliament limited the time of suing out a writ of error to 20 years, a bill of review for error of law apparent on the face of the record must be brought within the same time. He said that, as the court had no legislative power, it could not limit the time, but, as soon as the parliament had limited the time of bringing actions at law, courts of equity adopted the rule, and applied it to equity causes. A fuller and more accurate report of this case is found in a note to the case of Earl of Deloraine v. Browne, 3 Brown, Ch. Cas. 632, 638. The first case in the supreme court of the United States where the question was presented as to the time within which a bill of review for error of law apparent upon the face of the record must be brought is Thomas v. Brockenbrough, 10 Wheat. 146, 6 L. Ed. 287. It was there held that, although bills of review are not strictly within the statute of limitations, yet courts of equity will adopt the analogy of the statute in prescribing the time within which they shall be brought; and, as appeals in equity causes are limited to five years after the decree, the same period of limitation will be applied to bills of review.

The court said that this rule seemed to apply with "peculiar strength to bills of review in the courts of the United States from the circumstance that congress has thought proper to limit the time within which appeals may be taken in equity causes, thus creating an analogy between the two remedies by appeal and bill of review so apparent that the court is constrained to consider the latter as necessarily comprehended within the equity of the provision respecting the former; for it is obvious that, if a bill of review to reverse a decree on the ground of error apparent on its face may be filed at any period of time beyond the five years limited for an appeal, it will follow that an original decree may, in effect, be brought before the supreme court for re-examination after the period prescribed by law for an immediate appeal from such decree by appealing from the decree of the circuit court upon a bill of review." The same principle is affirmed in Whiting v. Bank, 13 Pet. 6, 13, 10 L. Ed. 33; Kennedy v. Bank, 8 How. 586, 614, 12 L. Ed. 1209; Clark v. Killian, 103 U. S. 766, 26 L. Ed. 607; Ensminger v. Powers, 108 U. S. 292, 302, 2 Sup. Ct. 746, 27 L. Ed. 732; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 226, 10 Sup. Ct. 736, 34 L. Ed. 97. See, also, the numerous cases cited in note 1, 3 Enc. Pl. & Prac. 584.

Since the case of Smith v. Clay, supra, a bill of review for error of law apparent upon the face of the record has always been regarded and treated as in the nature of a writ of error. The courts of the United States have always followed the analogy of the statute limiting the time of suing out an appeal or writ of error in determining the time within which a bill of review for error of law apparent upon the face of the record must be brought. An appeal from the decree here sought to be reviewed was limited to the period of six months from the time of its entry on April 15, 1899. The bill of review was not brought until April 10, 1900. It has been suggested, while the rule announced by the supreme court might be properly applied when the time limited for appeal was five years, as it was prior to 1872, or two years, as it was from 1872 to 1891, that the right to bring a bill of review ought not to be limited to the period of six months within which an appeal could have been taken. The reason of the rule, however, applies with the same cogency under the present statute as it did under the prior statutes. When a party has slept on his rights until he has lost his right of appeal, why should he be permitted to disturb the decree by a bill brought in the court of original jurisdiction? If the period of six months is regarded as sufficient for suing out and perfecting an appeal, why should it not be regarded as ample for bringing a bill of review? "Interest rei publicæ ut sit finis litium." Failure to file the bill within the time allowed for an appeal constitutes such negligence as will toll the right to bring it. When the right of appeal from a final decree of the vice chancellor was limited by the statute of New York to the period of six months, it was held by Walworth, Ch., in Boyd v. Vanderkemp, 1 Barb. Ch. 273, that the vice chancellor had no power to grant a rehearing unless it was applied for within six months from the entry of the decree, and before the same had been enrolled; and it was further held that a bill of review for error of law apparent upon the face of the record

must be brought within the six-months period allowed by law for appealing from the decree. The case of Reed v. Stanly (C. C.) 89 Fed. 430, holds that, where a decree of a court of the United States is required by the act of 1891 to be appealed within six months, a bill to review the decree for error of law apparent on its face will be dismissed unless brought within the period of six months from the time of its entry. In the present case the bill was brought five days before the expiration of the year after the entry of the decree, and no excuse is offered for the delay, if any excuse would have been available. The bill is dismissed, at the costs of the complainants.