### LEWIS et al. v. HOLMES et al.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1912.)

#### No. 1,794.

1. EQUITY (§ 454*)—BILL OF REVIEW—RIGHT TO FILE—LEAVE OF COURT.
   The right to file a bill of review for alleged errors apparent on the face of the record is an absolute right recognized in equity, for which leave of court is not required.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 1110; Dec. Dig. § 454.*]

2. EQUITY (§ 464*)—BILL OF REVIEW—ERRORS APPARENT OF RECORD—DISMISSAL.
   A bill of review for errors apparent on the face of the record is not subject to dismissal on motion because of the pendency of a prior bill to review the same records and proceedings, because of insufficiency of averments, because newly discovered evidence was not alleged, because it was filed without leave of court, because there were no specified assignments of error, or because it did not appear that defendant's rights would be conserved by the further prosecution of the suit or that they would be injured or prejudiced by the dismissal, or that complainants' rights would be conserved by the further prosecution of the suit or injured by the dismissal.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1129–1140; Dec. Dig. § 464.*]

3. APPEAL AND ERROR (§ 373*)—EQUITY—FINAL ORDER OR DECREE—ALLOWANCE—EXCESSIVE BOND.
   Appeal from a final order or decree in equity being a matter of right to be allowed by the court when sought as of course, without other conditions than the filing of the usual bond for costs, it was error to make allowance of an appeal from an order dismissing a bill of review, conditional on the filing of a bond with sufficient sureties in the sum of $1,100,000.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2001–2004; Dec. Dig. § 373.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Bill by John A. Lewis and another, as executors of the will of John A. Dowie, deceased, against William B. Holmes and others. From an order dismissing the bill and striking the same from the files, complainants appeal. Reversed and remanded, with directions.

The appellants filed in the Circuit Court a bill of review, for alleged errors apparent on the face of the record, under a prior bill of complaint filed therein by the appellee Holmes against their testator and other parties named, and another bill filed by their testator against Wilbur Glenn Voliva and other defendants named, together with certain bankruptcy proceedings

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against the testator, involved therewith—all consolidated, heard, and decided together, under stipulations by the parties—and involving (as alleged) all parties named defendants in the bill of review. On motion of the appellee Wilbur Glenn Voliva, the court ordered that such bill of review be stricken from the files, and that the cause be dismissed, and this appeal is from the order or decree accordingly, reading as follows: "This cause coming on this day to be heard upon the entry of a special appearance and motion of the solicitor for Wilbur Glenn Voliva, one of the defendants to this cause, to strike the bill of complaint in this cause from the files and dismiss said cause, and said motion coming now on to be heard, and it appearing to the court that due notice of the time and place of said motion has been given to the solicitors representing the complainants in this cause, and said motion coming on for argument of counsel for the respective parties complainant and said defendant, and the court having heard tthe argument of counsel for and against said motion, the attention of the court in said argument, having been among other things directed to certain records and proceedings of this court in the cause entitled John A. Lewis, Executor and Trustee, etc.. et al., v. William B. Holmes et al., Gen. No. 25,409, and the court having inspected the bill of complaint filed in this cause as well as the complaint filed in this court by the same complainants Gen. No. 25,409, being fully advised in the premises, finds that the complainants in this cause heretofore on April 10, 1909, in the same character as executors and trustees under the last will and testament of John Alexander Dowie, deceased, exhibited their bill of complaint in this court, Gen. No. 25,409, to review the orders and decrees of this court entered in the suit of William B. Holmes v. John Alexander Dowie et al., upon certain specified errors of law apparent upon the record in said proceedings of Holmes v. Dowie et al., and that said bill of review in said cause, Gen. No. 25,409, so instituted by said complainants, is still pending in this court and undisposed of.

"The court further finds from an inspection of the bill of complaint so filed by said complainants in this cause that said complaint is a bill exhibited by said complainants to review the record and proceedings of this court had in said suit of William B. Holmes v. John Alexander Dowie et al., being the same record and proceedings also sought to be reviewed by said complainants by their bill exhibited in Gen. No. 25,409, on April 10, 1909, and which is now pending and undisposed of.

"And the court further finds from an inspection of the bill of complaint in this cause that the complainants John A. Lewis and Fielding H. Wilhite, as executors and trustees under the last will and testament of John Alexander Dowie, deceased, have not in and by their bill of complaint made or stated such a state of facts as discloses upon the record in this cause that said complainants or either of them, have or hold any such a right or title to, or interest in, the subject-matter of the suit of William B. Holmes v. John Alexander Dowie et al. as entitle them, or either of them, to file or maintain a bill of review to review the record and proceedings in said suit of Holmes v. Dowie et al.

"And the court further finds from an inspection of the complaint filed in this cause that the said bill of complaint is not verified, and does not conform with or to the established practice as a bill of review for newly discovered evidence, and contains no averments setting out or alleging any newly discovered evidence, and was filed and exhibited in this court by said complainants without having first had and obtained the leave of this court so to do, in accordance with the practice in such case made and provided.

"And the court further finds that the bill of complaint in this cause fails to conform with the practice of this court as a bill of review for errors of law apparent, in that there are no specified assignments of error in said bill of complaint contained wherein or whereby it is alleged or claimed by said complainants any error of law apparent has intervened upon the said record and proceedings of Holmes v. Dowie et al., to the damage or injury of said complainants or either of them.

"And the court further finds that it nowhere appears from any of the averments contained in the bill of complaint in this cause that the rights of any of the defendants to this suit would be conserved by the further prose-

cution of this suit, or that the rights of any of the defendants to this suit would be in any manner or to any extent injured or prejudiced upon the dismissal of this suit, and that the motion of said defendant should be granted and sustained.

"It is therefore ordered, adjudged, and decreed that the motion of the defendant Wilbur Glenn Voliva to strike the bill of complaint in this cause from the files and to dismiss said cause be, and the same is hereby, granted, allowed, and sustained; and it is further ordered, adjudged, and decreed that the bill of complaint exhibited in this cause be, and the same is, hereby stricken from the files of this cause, and this cause be and the same is hereby dismissed.

"To the entry of which order and decree striking the bill of complaint from the files in this cause and dismissing this suit the complainants by their counsel object and except, and pray an appeal from said order and decree to the United States Circuit Court of Appeals in and for the Seventh Judicial Circuit, which said appeal be, and the same is hereby, granted and allowed by the court, upon condition that complainants file their appeal bond, conditioned as by law provided with good and sufficient sureties to be approved by this court, in the sum of one million one hundred thousand ($1,100,000) dollars within 30 days from the date of the entry of this decree, and that complainants be, and they are also, granted 30 days from the entry of this decree in which to prepare, present for approval, and file their certificate of evidence in this cause."

William F. Burns, for appellants.
Eli B. Felsenthal, for appellees.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). 1 ne appellants' bill, which was "stricken from the files" and dismissed by the order or decree of the Circuit Court, is unquestionably framed as a bill of review for alleged errors apparent on the face of the record therein set forth. It is deemed sufficient to mention that the voluminous averments purport to state, in substance, the pleadings and proceedings of record, under a bill of complaint theretofore filed in such court by the appellee Holmes against John Alexander Dowie (appellants' testator) and other parties named, together with another bill in equity filed by their testator against the appellee Voliva; that both causes were (in effect) consolidated for hearing; that various proceedings and orders ensued, as set forth; and that the final order or decree therein alleged for review as set forth was made and recorded July 14, 1910. The bill of review was filed January 14, 1911, after the expiration of the term of such decree and within the time allowed by law for appeal from the alleged final order.

[1] The right to file such bill for review of errors apparent on the face of the record is well recognized in equity, as a right of course, for which leave of court is not required. Whiting v. United States Bank, 13 Pet. 6, 11, 10 L. Ed. 33; 3 Notes U. S. Rep. 781; Ricker v. Powell, 100 U. S. 104, 109, 25 L. Ed. 527; Story's Eq. Pleadings (10th Ed.) § 403, et seq.; 2 Daniel Ch. Pl. & Pr. (6th Am. Ed.) § 5, c. 34; 2 Foster's Fed. Pr. § 354. Being "in the nature of a writ of error" (Story's Eq. Pl. supra), this bill involves "a strict legal right," and does "not in any manner depend on the discretion of the court," thus distinguishing it from a bill of review for newly discovered matter, resting on favor (Ricker v. Powell, supra), as well defined in Cope-

land v. Bruning (C. C.) 104 Fed. 169. The question is not presented, whether a bill of review may be summarily dismissed, on motion, without plea or demurrer, where its averments disclose, either premature filing or laches; nor is the order predicated on such ground. Findings are recited in the order, in substance, (a) of the pendency of a prior bill, filed by the appellants in 1909, wherein review is sought of "the same records and proceedings" whereof review is sought by the present bill; (b) that the averments of the present bill are insufficient for the purposes of review; (c) that newly discovered evidence is not alleged; (d) that the bill was filed without leave of court; (e) that there are "no specified assignments of error"; and (f) that it does not appear that rights of the defendants "would be conserved by the further prosecution of this suit," nor that they would be "injured or prejudiced upon the dismissal." We believe neither of these propositions lends support to the motion or order thereupon.

[2] The bill of review, as filed by the appellants, was entertainable alike with other bills for equitable relief, filed by a complainant, entitled to invoke the federal jurisdiction. Hearing thereupon in conformity with the rules of equity procedure is equally the right of either complainant. Neither bill is subject to summary dismissal upon motion for one or all of the above-mentioned causes. Sufficiency of the averments for the relief sought must be tested under demurrer or other proper pleading; and the pendency of a prior suit, for like cause, constitutes no bar to a new bill—even were it assumed that the prior bill of review described in the order could be commensurate with the present bill for review of the subsequent (alleged) decree—although such suits may be subject to equitable regulation, for hearing or otherwise.

The above-mentioned propositions, therefore, of insufficiency of the averments for the purposes of review, are in no sense involved for decision under this appeal, and we have not considered and intimate no opinion upon the sufficiency or insufficiency of the bill for such purposes, as variously discussed in the briefs. Irrespective of any question whether the bill appears to be with or without merit, we are of opinion that the order erroneously denies such hearing thereunder as the rules of equity require.

[3] Furthermore, the concluding provision of the order reads for allowance of the appeal therefrom, subject to the condition that an appeal bond be filed, with sufficient sureties "in the sum of one million one hundred thousand dollars." This requirement is neither reasonable in the amount named for the bond, nor authorized under the statute, as no supersedeas is mentioned or involved therein. Appeal from a final order or decree in equity is matter of right, to be allowed by the trial court when sought, as of course, without other conditions than the filing of the usual bond for costs of the appeal.

The order of the Circuit Court is reversed, accordingly, with direction to reinstate the appellants' bill, and proceed thereupon in conformity with the rules of equity.