No. 9729.

JOHNSON v. RYCRAFT.

BILL OF REVIEW—*Leave to File*, is not necessary where it is merely sought to correct an error of law apparent on the face of the record; otherwise where newly discovered evidence is relied upon. Where both error in law and new matter are asserted, leave must be obtained. Error appearing only by reference to some public office does not entitle the party complaining to file his bill without leave.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. J. C. MURRAY, Mr. C. A. ROBERTS and Mr. LESLIE M. ROBERTS, for plaintiff in error.

Mr. H. L. SHATTUCK, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is a suit wherein relief is prayed for by a bill of review. It was sought, in the court below, by this action, to reverse the decree in each of two certain cases in which

the plaintiff in the instant case was the defendant, and the defendant here was the plaintiff. The bill, as first filed, appeared to be based, at least in part, on newly discovered evidence, and, on motion of the defendant, was stricken from the files upon the ground that it was filed without leave of court. Thereafter the plaintiff moved to amend and to reinstate the bill, as amended. This motion was denied by the court. The plaintiff complains of this ruling, and to have the same reviewed, has sued out this writ of error.

The record does not show that leave of court for filing the bill had either been requested or obtained. It is not necessary to obtain leave of the court to file a bill of review to correct an error of law apparent on the face of the record; but such leave is necessary when the bill is founded on new matter, or newly discovered evidence. 16 Cyc. 523. Though a bill is brought for error of law it cannot be filed *without* leave if the application is *also* based on newly discovered matter. 4 Standard Enc. of Proc. 420; *Ricker v. Powell*, 100 U. S. 104, 25 L. Ed. 527.

It is not disputed that if the bill is other than one based solely on errors apparent, leave of court should have been first obtained, and that the striking of the bill, or the refusal to reinstate same after amendment, was not error. The plaintiff contends, however, that the bill as amended, or if amended as proposed, is one "based entirely upon error apparent upon the face of such judgments and decrees" which are sought to be reversed in this suit. The validity of this contention is the only matter necessary to be now considered.

The plaintiff's bill of review, considered with or without the proposed amendment, shows that in the former trials or proceedings, and in the decrees in question, the court adjudged a certain tax deed to be void, and that the decrees in this respect were based on the finding that: "The publisher of the newspaper in which the list of property and notice of sale for delinquent taxes for the year 1908 was published, failed to transmit to the county treasurer within

fourteen (14) days after the said notice was published a sufficient affidavit of said publication and because the amount for which the premises were sold at the sale of November of the year A. D. 1908, included the amount of the publisher's fee for said publication."

It is alleged in the bill that the publisher *did* in fact transmit a proper affidavit to the country treasurer within fourteen days after the last publication, as required by section 5709 R. S. 1908 (sec. 6422 M. A. S. 1912). In other words, it is claimed in the bill that the court committed an error in its finding, above mentioned, and that had it not been for such finding the tax deed would not have been held void.

Other allegations of the bill are to the effect that the error complained of may be shown "by the records in the office of the treasurer", which would prove, it is claimed, that the court was mistaken in its finding of fact concerning the transmission to the county treasurer of the publisher's affidavit.

It appears from the allegations of the bill, above referred to, that the alleged error complained of, assuming that it is an error of law, would be shown and made to appear, *not* by the pleadings and the decree, but by "the records in the office of the treasurer, or, in other words, by evidence. It is therefore not an error apparent on the face of the record. In 4 Standard Enc. Proc. 436, 439, it is said: "The error of law must appear upon the record itself, which consists, for this purpose, only of the pleadings and the decree passed in the cause. * * * The evidence is no part of the record. * * *"

The error complained of is really an error of fact. A bill cannot be based on errors of fact, nor for errors resulting from a wrong conclusion from the evidence. 16 Cyc. 527, 528. In 10 R. C. L. 571, sec. 360, it is stated in the text: "On a bill of review for error apparent, the court will not consider any error resulting from an erroneous inference of fact or conclusion from the evidence. The only questions open for examination in such a case are such questions of law as arise on the pleadings, proceedings and decree exclusive of the evidence." See also 16 Cyc. 528, 529.

Under the authorities above cited, the error complained of in the bill is not such an error as is reviewable as an error apparent of record. The plaintiff was not, therefore, prejudiced by the court's sustaining the motion to strike.

Furthermore, the bill contains matter which makes it one based, in part at least, on newly discovered evidence, since it is alleged, in effect, that by "search and inquiry of the records in the office of the said county treasurer" the evidence, showing that the decrees were erroneous, was discovered, and that it was discovered after the rendition of the decrees. The plaintiff's contention that it is a bill based *solely* on error apparent cannot therefore be sustained.

In *Ricker v. Powell, supra,* it was stated "that the right to file a bill of review without leave exists *only* when the bill is brought for error of law *alone.*" Under this rule, there was no error in striking the bill from the files, or in refusing to reinstate it with the proposed amendment.

The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.